BLUFF POINT STONE COMPANY, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellant, Impleaded with JOHN F. LEWIS and Others, Defendants.

Third Department, December 28, 1917.

Liens — contents of notice of·lien — construction of notice — statement as to date when debt is due.

A notice of lien must contain all of the information required by the statute, notwithstanding the provision of section 18 of the Lien Law permitting a liberal interpretation.

Such notice must state, as required by section 12 of the Lien Law, the date when the debt is due.

Where a notice of lien states that the items of material were furnished between certain specified dates, and the contract, which is annexed to and expressly made a part of the notice, provides that all payments shall be made on a certain day of each month for all material delivered up to and including a certain day of the preceding month, there is a sufficient compliance with the requirement of the statute although the date when the debt is due is not specifically stated.

APPEAL by the defendant, United States Fidelity and Guaranty Company of Baltimore, Maryland, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 10th day of April, 1917, upon the decision of the court after a trial at the Clinton Special Term.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the appellant.

*Shedden & Pierce* [*Wallace E. Pierce* of counsel], for the respondent.

WOODWARD, J.:

This action was brought to foreclose a lien filed by the Bluff Point Stone Company against funds of the State applicable to road improvement. Thereafter the funds so incumbered were released by the execution and filing of a bond, upon which the appellant appears as surety, so conditioned as to comply with section 21 of the Lien Law (Consol. Laws, chap. 33 [Laws of 1909, chap. 38], added by Laws of 1911, chap. 873, as amd. by Laws of 1914, chap. 266).

The facts are not much in controversy. The principal contention of the appellant is that the notice of lien was so defective as to fail of its purpose, in that it did not state the date when the amount became due. There is also a contention about the due date of the debt, but in our view of this case that is immaterial. The statute seems to contemplate the filing of such liens even prior to the due date of the debt on which they are based, for among other things it requires the notice to state " the amount claimed to be due or to become due." (Lien Law, § 12, as added by Laws of 1911, chap. 873.)

The decisive question in this case seems to be whether the respondent brought himself within the statute by filing a notice that was sufficient under it. The filing of a lien is an *ex parte* affair, accomplished without resort to any judicial authority, usually operating to restrain the payment of money otherwise due, and sometimes affecting adversely the interests or credit of those engaged in constructing public improvements. In order to become possessed of a valid lien, the Legislature has seen fit to impose upon a lienor the duty of furnishing to the parties affected a notice of lien, containing certain items of information. Notwithstanding the admonition contained in section 18 of the Lien Law (as added by Laws of 1911, chap. 873), that it shall be accorded a liberal interpretation, the courts have properly declined to give force to these notices unless they contain all of the information required by the statute.

One of the requirements of section 12 of the Lien Law (as added by Laws of 1911, chap. 873) applicable is that the notice of lien shall state the date when the debt is due. The court will not dispense with that requirement, and unless the required information is contained in this notice the respondent can acquire no rights under it. (*Bradley & Son v. Huber Co.,* 146 App. Div. 630.)

In the notice of lien itself nothing appears as to the due date of this claim. But the respondent annexed to its notice of lien the written contract between the parties pursuant to which the materials were furnished, and declared therein that it was making the contract a part of the notice. This practice does not seem to have been judicially disapproved and is not questioned by the appellant.

Construing this notice with the liberality enjoined by statute, if it can be said that the whole document conveys the information as to the due date, then the lien should stand. The notice states that the items of material were furnished between the 19th day of July, 1915, and the 20th day of October, 1915. The contract provides that all payments shall be made on the fifth day of each month for all material delivered up to and including the twentieth day of the preceding month. From this it is perfectly apparent that the first date at which the entire sum could fall due was November 5,

1915. It is true that the notice does not inform us how much of the account became due at some prior date, but it is clear that it would become due on that date and that it could not all have been due prior to that date. We think this a sufficient compliance with the statute to give the respondent a valid lien.

It follows that the judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.