JAMES CONWAY, Plaintiff, v. THE BLUFF POINT STONE COMPANY, Respondent, and THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellant, Impleaded with JOHN F. LEWIS and Others, Defendants.

Third Department, December 28, 1917.

**Liens — lien for public improvement — foreclosure — pleading not justifying personal judgment.**

In an action for the foreclosure of a lien for a public improvement, a personal judgment may not be rendered in favor of one defendant against a codefendant, in the absence of allegations in the answer showing a basis therefor.

APPEAL by the defendant, The United States Fidelity and Guaranty Company of Baltimore, Maryland, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Clinton on the 10th day of April, 1917, upon the decision of the court after a trial at the Clinton Special Term whereby among other things it was adjudged that the plaintiff recover of the appellant certain moneys and that the respondent recover from it certain other moneys.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the appellant.

*Shedden & Pierce* [*Wallace E. Pierce* of counsel], for the respondent.

WOODWARD, J.:

This appeal arises upon much the same state of facts as existed in *Bluff Point S. Co.* v. *U. S. Fidelity & Guaranty Co.* (180 App. Div. 832), decided herewith. The disposition of that case would govern the disposition of this if the pleadings were in such condition that such a course were possible.

The action was brought by James Conway, and both the respondent and the appellant were made parties defendant. The respondent interposed an answer setting forth facts relating to its lien and asking that its lien be adjudged a prior lien upon the funds in the hands of the State applicable to this contract. The judgment entered, however, awards a personal judgment in favor of the respondent and against the appellant.

The plaintiff has been eliminated from this appeal by settlement and the issue is between the codefendants.

Upon the trial of the action facts were developed which would perhaps make a personal judgment appropriate relief. But this judgment does not rest upon any allegation of the answer, nor is it granted in pursuance of any demand contained in the answer of the respondent. No allegation whatever upon which any personal liability could be predicated appears at any point of the answer.

" Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." (*Wright* v. *Delafield*, 25 N. Y. 266, 270.)

The respondent cites *Abbott* v. *Easton* (195 N. Y. 372) to sustain the judgment. The holding in that case was to the effect that when failure to establish a cause of action in foreclosure occurs the plaintiff might obtain a personal judgment if the complaint alleged the requisite facts. But in the case at bar the allegations of fact upon which the judgment must rest are wholly wanting. No personal judgment can be rendered in an action to foreclose a lien unless the complaint sets up facts showing the defendant's liability. (*Maneely* v. *City of New York*, 119 App. Div. 376; *Pearce* v. *Kenney*, 152 id. 638.) The answer of the respondent failing utterly

to allege any basis for personal judgment against a codefendant, the personal judgment rendered therein must be reversed and a new trial directed.

All concurred.

Judgment reversed and new trial granted, with costs to appellant to abide event.