THE DWELLE-KAISER COMPANY, Respondent, *v.* LE VELL MOON, Doing Business under the Firm Name and Style of JOHN MOON & SON, and Others, Defendants, Impleaded with WICKER LUMBER COMPANY, Respondent, and COLUMBIA CASUALTY COMPANY, Appellant.*

Fourth Department, March 24, 1932.

* Modfg. 140 Misc. 475.

*Stanley H. Montfort,* for the appellant.

*Lewis & Carroll,* for the plaintiff, respondent.

*Robert J. Moore,* for the respondent Wicker Lumber Company.

PER CURIAM. The notice of lien of the defendant Wicker Lumber Company attempted to cover the agreed cost of materials previously furnished to the amount of $1,120 and of materials to be furnished to the amount of $3,205, of which, it is alleged, materials of the agreed cost of $875 had already been manufactured and were then ready for delivery. The allegation as to the amounts due and to become due and the dates when the amounts became due are as follows: " The amount claimed to be due at this date is eleven hundred twenty ($1120) dollars, less such retained percentage as the terms of the contract of the said John Moon & Son [Le Vell Moon] with the State of New York, and the contract of the said John Moon & Son [Le Vell Moon] with this lienor provides. That the amount to become due under and by the terms of lienor's contract with the said Le Vell Moon is $3,205."

The notice was ineffectual under the statute to establish a lien for the agreed cost of materials to be furnished under the contract but not then manufactured and ready for delivery, as a lien may no longer be obtained for such materials. (*Pascual* v. *Greenleaf Park Land Co.,* 245 N. Y. 294; *Genesee Lumber & Coal Co., Inc.,* v. *Bonarrigo,* 233 App. Div. 455.)

The notice of lien was ineffectual under the statute to establish a lien as to the agreed cost of materials already furnished and of the materials manufactured and ready for delivery, because in neither case was the date when the item became due stated. This is an essential to validity under the Lien Law. (Lien Law, § 12, added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507; *Bradley & Son* v. *Huber Co.,* 146 App. Div. 630; affd., 210 N. Y. 627; *Post & McCord* v. *City of New York,* 86 Misc. 300; affd., 166 App. Div. 919.)

Neither the contract between Le Vell Moon and the Wicker Lumber Company nor between the State of New York and Le Vell Moon was attached to the notice of lien, nor was either of these contracts made a part of the notice of lien. The due dates, therefore, cannot be determined by reference to such contracts, as was the case in *Bluff Point S. Co.* v. *U. S. Fidelity & Guaranty Co.* (180 App. Div. 832) and in *Dwelle-Kaiser Co.* v. *Frid* (233 id. 427, at p. 432). For these reasons the notice of lien is ineffectual in all respects, but a money judgment should be awarded for the full

amount of the Wicker Lumber Company's demand, $4,325, against the defendant Le Vell Moon.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment so far as appealed from modified on the law by adjudging the respondent Wicker Lumber Company's lien invalid and granting a money judgment for $4,325, with interest, in favor of Wicker Lumber Company and against Le Vell Moon, with costs to the appellant against Wicker Lumber Company.