Michael Catalano, J.
Defendant, A & J Buyers, Inc. (Buyers) alleges in its answer a “first affirmative claim” against, inter alia, defendants, A. E. Ottaviano, Inc., (Ottaviano) and Hartford Accident & Indemnity Company (Hartford), seeking a judgment that it acquired a valid lien for $2,531.43, with interest from November 15, 1962 against them, and foreclosing that lien.
December 15, 1960, Ottaviano entered into a contract with the State of New York (State). P.S.C. 6607 —Phase II, for the elimination of highway-railroad crossings in the County of Niagara. February 16, 1961, Ottaviano entered into a subcontract with Dump Truck Service, Inc. (Dump Truck) to perform certain labor and furnish certain materials in connection with P.S.C. 6607 — Phase II contract. In October, 1961, Buyers agreed with Dump Truck to rent two caterpillar scrapers with operators at $25 per hour in this project, the total cost of which was $8,531.43, $6,000 of which was paid, leaving a balance due from Dump Truck to Buyers of $2,531.43.
December 2, 1960, Ottaviano and Hartford executed a labor and material bond in the sum of $5,557,975.29 covering this project. February 5, 1963 they executed a discharge bond covering this claim of Buyers for $2,531.43.
A copy of Buyers’ notice of mechanic’s lien was served November 29, 1962 on the Department of Public Works and December 3, 1962 on the Comptroller of the State of New York.
The only issues of substance involve paragraph 9 of Buyers’ *646 answer and paragraph 2 of Buyers’ “Notice Under Mechanic’s Lien Law for account of public improvement.”
The former alleges: “9. In accordance with the provisions of the Lien Law of the State of New York, the defendant, A & J Buyers, Inc., duly and timely filed a notice of lien prior to the completion of the public improvement referred to in the complaint by serving copies thereof upon the Comptroller of the State of New York on December 3, 1962 and upon the Superintendent of the Department of Public Works on November 28, 1962, stating that the defendant, A & J Buyers, Inc., claimed a lien on moneys due or to become due under the said public improvement contract in the amount of $2531.43.”
The latter states: “ 2. The amount due or to become due the lienor is $2,531.43. The amount due the lienor is $2,531.43. The amount to become due the lienor is $........; the total amount claimed to be due or to become due for which this lien is filed is $........, and the date when due is.............”
Hon. Joseph P. Kuszyhski of this court granted an order denying Ottaviano’s motion to amend its answer admitting Buyers’ said paragraph 9, which, therefore, stands admitted. (No timely appeal was taken therefrom.)
“ 6 Duly,’ in legal parlance, means according to law. [Cases cited:] It does not relate to form merely, but includes form and substance both. The expression ‘ duly adjudged,’ as used in the statement for the submission of this controversy, therefore, means adjudged according to law ” (Brownell v. Town of Greenwich, 114 N. Y. 518, 527).
Here, the words in paragraph 9 of the Buyers’ answer “ In accordance with the provisions of the Lien Law of the State of New York, the defendant, A & J Buyers, Inc., duly and timely filed a notice of lien ’ ’ mean that this notice was sufficient as to form and substance. (Emphasis supplied.) Since this is admitted by the pleadings, the notice cannot be attacked at this time for insufficiency.
Section 12 of the Lien Law, entitled “ Notice of lien on account of public improvements ” provides, in part: “ The notice shall state the name and residence of the lienor, the name of the contractor or subcontractor for whom the labor was performed or materials furnished, the amount claimed to be due or to become due, the date when due ”.
Clearly, when the notice of lien omits to state “ the date when due,” the notice is ineffective. (Bradley & Son v. Huber, 146 App. Div. 630, 631, affd. 210 N. Y. 627; Dwelle-Kaiser Co. v. Moon, 235 App. Div. 107, 108, affd. 260 N. Y. 648.) But, if it can be said that the entire notice conveys the due date, then the *647 notice is valid. (Bluff Point Stone Co. v. United States Fid. & Guar. Co., 180 App. Div, 832, 834. See, also, Davis Lbr. Co. v. Blanchard, 175 App. Div. 256, 258; Dwelle-Kaiser Co. v. Frid, 233 App. Div. 427, 432, affd. 259 N. Y. 546.)
Here, the notice is a printed form, apparently printed by certain law blank publishers, which attempts to cover all the items necessary to draft a proper notice by filling in such blank spaces that apply, leaving out others that do not apply to the particular case. Paragraph 2 of this printed notice contains three sentences with five blank spaces. Buyers only used the first two sentences by typing in the amount “ 2,531.43 ” in each blank space, so that they read: “ 2. The amount due or to become due the lienor is $2,531.43. The amount due the lienor is $2,531.43.” This notice is dated “ November 26, 1962.”
The third printed sentence has not been changed: “ The amount to become due the lienor is $............, the total amount claimed to be due or to become due for which this lien is filed is $............, and the date when due is...........”
This third sentence covers an ‘ ‘ amount to become due, ’ ’ when such is claimed, but none is claimed here. Thus, the third sentence does not apply to this ease. Leaving it blank in three places does not make the entire notice ineffective. Perhaps it should have been stricken out, or the word ‘ ‘ none ’ ’ inserted where appropriate, for better clarification.
Here, the notice is sufficient.
Based upon a stipulation in open court, the motion to dismiss the claim against defendant, St. Paul Fire & Marine Insurance Co., is granted, without costs.
Judgment in favor of Buyers against Ottaviano and Hartford in the amount of $2,531.43, with interest from November 26, 1962 and with costs, is granted.
All other motions, not expressly granted, are denied.