Robert C. Williams, J.
Petitioner moves for an order summarily vacating and discharging of record the alleged notice of lien dated April 4, 1975, filed by Highbridge Electric Company, Inc., doing business as United Electrical Construction Company, the lienor herein.
On November 20, 1972 petitioner entered into a contract with the State of New York for certain highway improvements. On April 4, 1975, lienor, a subcontractor of petitioner, filed a notice of lien with the regional director of the New York State Department of Transportation and with the regional financial officer of the New York State Department of Transportation. Petitioner contends said notice of lien is defective in that it fails to comply with section 12 of the Lien Law in that it was not filed with the head of the New York State Department of Transportation and with the Comptroller of the State of New York and also that it fails to state the date when the amount claimed to be due became due.
The applicable part of section 12 of the Lien Law states: "may file a notice of lien with the head of the department or bureau having charge of such construction or demolition and *803 with the comptroller of the state or with the financial officer of the public corporation, or other officer or person charged with the custody and disbursements of the state or corporate funds applicable to the contract under which the claim is made.”
It is clear that lienor has satisfied the above-cited provisions in that it filed said notice with the individual who is the head of the division responsible for the work and also with the officer charged with custody and disbursements of the State funds applicable to the contract under which the claim is made.
Petitioner also contends that said notice is defective because it fails to state the date when the amount claimed to be due became due. The notice of lien herein states, "The amount now due and unpaid for the labor and materials for which a lien is claimed is $37,953.92.” The phrase "now due” coupled with the date of said notice, April 4, 1975, has the effect of conveying the due date and thus the notice is valid. (Bluff Point Stone Co. v United States Fid. & Guar. Co., 180 App Div 832.)
Accordingly, the petition is dismissed.