### ALYEA et al. v. CITIZENS' SAV. BANK et al.

(Supreme Court, Appellate Division, First Department. December 11, 1896.)

CONTRACTS—ACTIONS ON—PARTIES TO SUE.

A person having a mechanic's lien cannot sue to compel the performance by a bank of its contract to lend money to the owner of property to pay for the completion of the building on which the lien exists, though the owner executed a mortgage on the premises to the bank in consideration of its promise.

Appeal from special term, New York county.

Action by William Alyea and another against the Citizens' Savings Bank, impleaded with others, to foreclose a mechanic's lien against a building owned by defendant Edward Judson. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

H. M. Hitchings, for appellants.
John Alexander Beall, for respondent.

RUMSEY, J. The action was brought to foreclose a mechanic's lien which the plaintiffs had filed against a building owned by the defendant Edward Judson. The Citizens' Savings Bank, the respondent here, was made a defendant, and special relief, to which the plaintiffs claimed to be entitled because of certain allegations contained in the complaint, was asked against that bank. The bank demurred to the complaint, and, from the interlocutory judgment entered upon the decision sustaining the demurrer, this appeal is taken.

The complaint contains the usual allegations in an action to foreclose a mechanic's lien. The lien sought to be foreclosed was filed on the 27th day of December, 1895. It is alleged in the complaint that on the 27th day of November, 1895, the defendant Edward Judson, the owner of the property described in the notice of lien, delivered to the Citizens' Savings Bank a bond and mortgage to secure the sum of $70,000. This bond and mortgage, as alleged in the complaint, was delivered on an agreement between the Citizens' Savings Bank and Judson that the bank would advance to Judson from time to time, as certain work was done upon the buildings which were then erecting upon the premises, and when they had reached certain stages of completion, sums of money in installments, as provided in a contract between them in regard to that matter. It is alleged, further, that, at the time of the commencement of the action, there was earned, due, and owing to Judson from the Citizens' Savings Bank, by virtue of said contract, the sum

of $4,000, and that the same is wrongfully withheld by the Citizens'
Savings Bank, and that the bank refuses to pay over and deliver
the same in satisfaction of the lien of the plaintiffs and other liens
against the property; said sum being more than sufficient to pay
to the plaintiffs herein the amount of their claim in full, and to pay
in full all prior liens, of every nature and kind, against said prop-
erty.    In addition to the usual relief asked by plaintiffs in an ac-
tion to foreclose a mechanic's lien, the plaintiffs ask, as special re-
lief against the Citizens' Savings Bank, that it may be adjudged
that it shall pay into court the said sum of $4,000, owing to Judson
on the agreement.    The demurrer by the bank is upon the ground
that the complaint does not state facts sufficient to constitute a
cause of action.    The substance of the allegation against the bank
is that it made an agreement with Judson to advance to him money,
from time to time, which he could use for the purpose of complet-
ing the buildings then in process of erection upon the premises de-
scribed in the complaint.    This agreement did not, of course, create
any lien upon the premises; but the lien was created by bond and
mortgage given to the Citizens' Savings Bank, to be held by it as
security for the advances after they had been made; and it is be-
cause the bond and mortgage was taken by the bank as security for
these advances that the plaintiffs claim the right to proceed against
the bank in this action.

It is nowhere alleged in the complaint that the bank assumed any
liability towards the plaintiffs, or made any promise for the benefit
of the plaintiffs; and the question presented is whether a creditor,
having a lien upon the property of his debtor, may bring an action
to compel the performance by a third person of his contract with
the debtor to lend the debtor money.    It is quite apparent that
there is no privity between the plaintiffs and the Citizens' Savings
Bank arising out of the contract alleged in the complaint.    The
general rules apply here that one person cannot maintain an action
against another person to enforce a contract to which the plaintiff
is not a party.    The only exceptions to that rule are those found in
the case of Lawrence v. Fox, 20 N. Y. 268, and cases of that nature.
But this case does not come, and, indeed, is not claimed by the
plaintiffs to come, within the principle laid down in that case, or
any principle which has been deduced from it.

But the plaintiffs claim that, although there is not contractual
privity between them and the Citizens' Savings Bank, yet there is,
by virtue of the mechanic's lien law, what they call a legal privity,
which enables them to ask in this action, as against this bank, for
the relief asked in the complaint.    This legal privity arises, as
they say, out of the provisions of section 17 of the mechanic's lien
law.    That section provides, among other things, that the plaintiff
must make the parties who have filed notice of lien against the prop-
erty, as well as those who have subsequent liens and claims by
judgment, mortgage, or conveyance, parties defendant; and all per-
sons, firms, corporations, or associations who have filed notice of
liens under this act shall, by answer in such action, set forth the
same; and the court in which the action is brought may settle and

determine the equities of all the parties thereto, and decide as to the extent, justice, and priority of the claims of all parties to the action, and upon every counterclaim or set-off alleged therein, to the extent of their respective jurisdictions. Laws 1885, c. 342, § 17; 3 Rev. St. (9th Ed.) p. 2643. The action to foreclose a mechanic's lien, while it is remedial in its nature, and is to be so interpreted as to permit the plaintiff to obtain all the relief which he can have under its provisions, nevertheless prescribes a scheme for the foreclosure of liens which is obligatory upon the courts, and which must be observed by them. When the action is brought in a court of general jurisdiction, the court, having acquired the right to act pursuant to the statute, may give any relief which it might give in any other action, to the extent of its jurisdiction. But, so far as the statute has given directions as to procedure in the action, those directions are binding upon the courts. The section which has been cited above contains certain directions as to procedure in the action, and, among other things, it prescribes who shall be parties to it. It is to be noticed that the only persons who can be made parties are those who are subsequent incumbrancers by mortgage and otherwise. The Citizens' Savings Bank does not come within that provision. This mortgage was given on the 27th day of November, 1895; and the lien was not filed until the 27th day of December, 1895, just one month later. Therefore, the mortgage was an incumbrance prior to the lien, and the mortgage was not properly brought into court, under the provisions of section 17. But there is nothing in the provisions of this section which would authorize the court to adjudicate upon a claim such as is made here by the plaintiffs against this bank. The section authorizes the court to settle and determine the equities of all the parties in the action, and to decide as to the extent, justice, and priority of the claims of all the parties. It is quite clear, in view of the context, that these equities are only such as arise by reason of liens which exist upon the property, and the determination of which is necessary to the settlement of the rights of the parties to the action. The claim which is made here against the Citizens' Savings Bank is not an equitable claim at all. It arises, not from the mortgage, but from the agreement which is the principal contract between the bank and Judson, and which, so far as they are concerned, gives to Judson a right to recover at law the $4,000, if the bank shall not pay it according to its contract. But there is no equitable right involved in any aspect of the case, and for that reason the claim of the plaintiffs is not within the provisions of section 17.

The mechanic's lien law establishes a complete system for the foreclosure of such liens, and contains within itself full directions as to the nature of the relief which the plaintiff may have in an action. It authorizes the court to direct a foreclosure of the lien (section 11); and if, upon the sale of the property to satisfy the lien, there shall be a deficiency, to give a personal judgment for the deficiency against all persons who are liable therefor (section 23). By section 15 it provides that whenever, for any reason, the claimant shall fail to establish his lien, he may, nevertheless, recover judg-

ment against the parties to the action for such sums as may be due to him, and which he might recover in an action upon a contract against such parties. It is only within this section, if at all, that the plaintiffs show any right to recover against the savings bank. But they have clearly no right under that provision, because, as we have seen, they have no contract with the savings bank, and would not be entitled to recover anything in an action upon a contract against it. The only liability which the savings bank has, if it has any liability upon its contract with Judson, is to respond to him in damages for its failure to pay him the $4,000, in pursuance of its contract, as set out in the complaint. But, as we have seen, that contract with Judson gives no rights to the plaintiffs. It is not apparent, in any aspect of this case, that the plaintiffs can acquire any right to maintain an action against the Citizens' Savings Bank by reason of any facts which are set out in the complaint. The disposition of the demurrer made by the learned judge below was correct, and the judgment entered upon his decision must be affirmed, with costs, with leave to the plaintiffs to amend their complaint, upon the payment of costs of the demurrer and of this appeal. All concur.