WHITE PLAINS SASH & DOOR CO., INC., Plaintiff, *v.* JOHN J. DOYLE and Others, Defendants.*

Supreme Court, Westchester County, December 11, 1931.

*Crescens Hubbard,* for the plaintiff.

*Arthur M. Post,* for Detroit Fidelity and Surety Company.

*Spencer & Iserman,* for the defendants Phillips and others.

WITSCHIEF, J. The plaintiff brings this action for the foreclosure of a mechanic's lien. The defendants Reagan & Otta-

---

* Affd., 236 App. Div. 857.

viano, Inc., and Phillips have served answers seeking a foreclosure of their liens arising out of the same transaction, which have been bonded. The plaintiff's lien was filed June 5, 1929, was discharged by bonding on July 26, 1929, and this action was commenced on November 29, 1929.

Although forbidden by section 17 of the Lien Law, a notice of pendency of this action was filed.

No orders continuing any of the liens have been made or filed.

The defendant Detroit Fidelity and Surety Company claims that the liens had expired before the trial of this action and that no judgment can be rendered against the surety company.

Its claim is that section 17 of the Lien Law provides two methods for continuing mechanics' liens. That one of such methods is to commence an action and file a notice of the pendency of such action. The other method is by procuring an order continuing the lien.

Its claim is that in the present case the lienors were forbidden to file a notice of pendency of the action, and that, therefore, they could not comply with the first method for continuing the liens. And its claim is that the only method open to the lienors for continuing their liens was the second method which concededly was not followed. The construction of section 17 of the Lien Law for which the surety company contends cannot be upheld.

It is true that the section provides two methods whereby the liens may be continued, and that one of such methods is by bringing an action within one year after the filing of the notice of lien, and the filing of a notice of the pendency of the action. But the same section provides that it shall not be necessary to file a notice of pendency of action when a lien has been discharged by deposit or order as in this case.

The proper construction of section 17 of the Lien Law is, that a lien may be continued by commencing an action to foreclose it within one year after the notice of the lien has been filed and filing a notice of the pendency of such action unless the lien has been discharged, by deposit or order, in which case the commencement of the action alone is sufficient.

In any event a notice of the pendency of this action was filed.

Plaintiff is entitled to judgment against the defendants Doyle and the defendant Detroit Fidelity and Surety Company for $1,189.35, with interest from June 5, 1929, together with the usual costs, allowances and disbursements.

The defendant Reagan & Ottaviano, Inc., is entitled to judgment against the defendant Doyle and the defendant surety company for

the sum of $953.68, with interest and the usual costs, allowances and disbursements upon its lien filed June 13, 1929.

The defendant Phillips is entitled to judgment against the defendant Doyle and the defendant surety company for $926.64, with interest, besides the usual costs, allowances and disbursements upon his lien filed June 28, 1929.

The evidence does not satisfactorily show that the owners were indebted to Diaco to the amount of the remaining lien of the defendant Reagan & Ottaviano, Inc., amounting to $313.40. Reliance is placed upon letters written by the defendant John J. Doyle but the letters are insufficient to justify a judgment upon this lien.

The testimony. has not been submitted and if any right of any party has been overlooked, further briefs may be submitted.