MECHANICS EXCHANGE SAVINGS BANK, Appellant, *v.* WILLIAM A. CHESTERFIELD et al., Defendants, and LAWRENCE T. BROWNSEY, Respondent.

Third Department, April 23, 1970.

112

*Newton B. Van Derzee, Jr.* (*Medwin & McMahon,* by *Edward A. McMahon* of counsel), for appellant.

*Bookstein, Zubres & D'Agostino* (*William J. Hoblock* of counsel), for respondent.

COOKE, J.   This is an appeal from an order of the Supreme Court at Special Term, entered September 2, 1969 in Albany County, which denied a motion to direct the purchaser at a foreclosure sale to complete the transaction.

Defendants William A. Chesterfield and Kathryn M. Chesterfield, by executing a deed in 1960, assumed payment of a mortgage given by their grantors to plaintiff, as recorded in the Albany County Clerk's office in mortgage book 1464 at page 383. In 1968 the Chesterfields executed an additional mortgage to

plaintiff for $4,180.01 which provided: "This mortgage and a certain other mortgage recorded in the office of the Clerk of Albany County in Book 1464 of Mortgages at page 383, now held by the Mortgagee herein, on which there is now owing the principal sum of $9,319.99 and interest, are hereby combined, consolidated and made equal and coordinate liens on the premises hereinabove mentioned, without priority the one over the other, so that together they shall constitute in law but one first mortgage, a joint lien upon said premises as though they were one first mortgage for $13,500 and interest." It was recorded in said office in mortgage book 1925 at page 525.

In 1969 plaintiff commenced an action to foreclose both mortgages. The notice of pendency, filed on the same day as the complaint, recited that the action was: "for the foreclosure of a mortgage, bearing date the 26th day of March, one thousand nine hundred and sixty-eight, executed by William A. Chesterfield and Kathryn M. Chesterfield, his wife, to Mechanics Exchange Savings Bank, to secure the sum of Thirteen Thousand Five Hundred ($13,500.00) Dollars, and recorded in Liber 1925 of Mortgages, at page 525 in the office of the Clerk of the County of Albany on the 26th day of March, One Thousand Nine Hundred and Sixty-Eight". Respondent, the successful bidder at the foreclosure sale, contends that the notice was fatally defective.

CPLR 6511 (subd. [b]) requires that a notice of pendency state the name of the parties, the object of the action and a description of the property affected. These requirements have been fulfilled. Pursuant to section 1331 of the Real Property Actions and Proceedings Law, such a notice, in an action to foreclose upon a mortgage, must also contain the date of the mortgage, the parties thereto and the time and place of recording. CPLR 6501 provides that the effect of filing a notice of pendency is to give constructive notice of the action from the time of filing to a purchaser from or encumbrancer against any defendant named in the notice of pendency (cf. *Holly Realty Co.* v. *Wortmann*, 121 N. Y. S. 572, 574). Its function is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit; otherwise, there would be no end of any suit, the justice of the court would be evaded and great difficulty would confront a suitor (*Hailey* v. *Ano*, 136 N. Y. 569, 576; *Lamont* v. *Cheshire*, 65 N. Y. 30, 36; *Kestler* v. *Weissenfels*, 247 App. Div. 888). In determining whether a particular notice is adequate, this function must be kept in mind (7A Weinstein-Korn-Miller, N. Y. Civ.

Prac., par. 6511.06). The notice must enable a purchaser or encumbrancer to ascertain whether or not an action affecting the realty has been commenced against his vendor (*Freedman* v. *Safran*, 131 App. Div. 675, 680). To fulfill this purpose, absolute conformity with the statutory provisions is not necessary, it being sufficient if the notice substantially follows the requirements of those provisions so that a purchaser or encumbrancer will be informed of the statutory items, or given such information as to be put on inquiry as to them, and will not be misled by the record (*Potter* v. *Rowland*, 8 N. Y. 448; *Weber* v. *Fowler*, 11 How. Prac. 458, 461; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6511.06, *supra*; 13 Carmody-Wait 2d, New York Practice, § 87:33).

A prospective purchaser or encumbrancer would have been apprised, from an examination of the Clerk's index and the notice of pendency listed therein, that an action had been commenced against the defendants to foreclose a mortgage correctly described as to date, parties, recording and description. Upon reference to that mortgage, he could readily have ascertained the two mortgages, as consolidated, involved in the foreclosure. This was also deducible from the mortgage amount as stated in the notice, which was identical to that set forth for the joint mortgage lien in the consolidation clause. By agreement and by the advance of mortgage money, plaintiff and defendants Chesterfield consolidated the two mortgages so as to form a single lien on the premises (*Brooklyn Trust Co.* v. *Fairfield Gardens*, 260 N. Y. 16, 21; *Toner* v. *Ehrgott*, 226 App. Div. 244; 38 N. Y. Jur., Mortgages and Deeds of Trust, § 173; 3A Warren's Weed New York Real Property, p. 646). The notice of pendency was not insufficient and the purchaser should be compelled to complete the sale. In fact, the purchaser has not even alleged that he was ever ignorant of any material matter in the action.

The cases cited in the decision under review are distinguishable in that they deal with filing requirements, not in question here, rather than the content of the notice. An affirmance would produce a harsh result, since there is authority in those same cases for the proposition that, where a notice of pendency is declared invalid, a new notice cannot be filed (see *Israelson* v. *Bradley*, 308 N. Y. 511, 515–516; *Lanzoff* v. *Bader*, 13 A D 2d 995) and section 1331 of the Real Property Actions and Proceedings Law requires a plaintiff, in an action to foreclose a mortgage, to file, at least 20 days before a final judgment directing a sale, a notice of pendency.

The order should be reversed, on the law, with costs, and the action remitted to Special Term for further proceedings not inconsistent herewith.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Order reversed, on the law, with costs, and action remitted to Special Term for further proceedings not inconsistent herewith.