## In re KODO PROPERTIES, INC., Debtor.

### Bankruptcy No. 183–30361–260.

United States Bankruptcy Court, E.D. New York.

Aug. 5, 1986.

Rosenberg, Rosenberg & Koral by Richard Koral, Brooklyn, N.Y., for debtor.

Laurence Nagin, New York City, for Seward Development Co.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion by a Chapter 11 debtor, Kodo Properties, Inc., (hereinafter "Kodo"), to void a *lis pendens* filed by the Seward Development Company, (hereinafter "Seward"), against the property of the debtor. The motion is granted for the reasons hereinafter set forth.

## FACTS

Seward is holder of a first mortgage on the debtor's real property. A plan of reorganization proposed by the debtor and ultimately confirmed by this court provided, *inter alia,* for the payment of the mortgage over a period of time in accordance with its terms. The plan also provided that this Court retain jurisdiction until the plan has been fully consummated, including generally, *inter alia,* for the following purposes:

1. To determine all questions and disputes regarding title to the assets, the validity and enforceability of all mortgages affecting the debtor's realty and the amounts remaining due thereunder.

2. To enforce and interpret the terms and conditions of the Plan.

3. To enter any order, including an injunction, necessary to enforce the title, rights and powers as this court may deem necessary.

Prior to the commencement of this case Seward had instituted a foreclosure proceeding by reason of the debtor's defaults in the performance of the mortgage terms. In accordance with the law of the State of New York, the mortgagee filed a *lis pendens* with the Clerk of the County of New York on January 10, 1983 and an amended notice on February 7, 1983, as provided for by the Real Property Actions and Proceedings Law Section 1331. The *lis pendens* remains of record despite the curing of all defaults, the statutory deacceleration of the indebtedness and reinstatement of the original maturity date of the mortgage, all as set forth in the plan.

Kodo is now seeking to either refinance the mortgage or undertake a transaction involving said real property, but finds that the existence of the *lis pendens* adversely affects its efforts. Thus, it makes this motion to void the *lis pendens* by reason of the powers reserved to this court by the aforesaid confirmed plan.

## DISCUSSION

■ A *lis pendens* is a notice of a claim made in respect to property which is the subject of a pending suit, but it does not of itself create an encumbrance upon the property. *Simon v. Vanderveer,* 155 N.Y. 377, 382, 49 N.E. 1043 (1898). The purpose of a notice of pendency was described in *Mechanics Exchange Savings Bank v. Chesterfield,* 34 A.D.2d 111, 113, 309 N.Y. S.2d 548 (1970) as follows:

Its function is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit.

In the instant case at the time Kodo commenced its bankruptcy proceedings

there existed various encumbrances affecting the subject property, consisting of three mortgages, including Seward's, which as noted above filed a *lis pendens* as part of its foreclosure action.

Section 6513 of the Civil Practice Law and Rules of the State of New York provides in pertinent part:

A notice of pendency shall be effective for a period of *three years* from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. (Emphasis added).

In the instant case, the *lis pendens* was filed with the County Clerk on January 10, 1983, and an amended notice on February 7, 1983. Thus, three years have passed. Prior to the expiration of this period there was no attempt made by Seward to extend the notice of pendency.

 Notice of pendency of action dies on expiration of three years after date of filing unless extended before the third anniversary; if extension procedure is not properly completed, notice of pendency lapses without any further action and the court has no power to revive it. *Carvel-Dari Freeze Stores, Inc. v. Lukon*, 219 N.Y.S.2d 716 (1961).

Based upon the facts in this case the *lis pendens* is voided under Section 6513 of the Civil Practice Law and Rules of the State of New York.

 It is to be noted that although Seward is bound by the terms of the plan of reorganization, should the debtor fail to comply with the terms of the plan insofar as it affects Seward, it is free to commence or continue its action to foreclose its mortgage in which event a new *lis pendens*

would be filed. That is because the commencement of this bankruptcy case did not void Seward's mortgage nor its *lis pendens,* but in accordance with Section 362 of the Bankruptcy Code the foreclosure action was stayed. That stay terminated upon the entry of the order which confirmed the debtor's plan for reorganization on January 23, 1986.[1]

The court observes in passing that in view of the foregoing provisions of the Real Property Actions and Proceedings Law and the Civil Practice Law and Rules of the State of New York, the debtor could have sought to have the *lis pendens* voided by a court of the State of New York. However, this court invokes its jurisdiction and renders the instant opinion, in light of the specific provisions of the plan and the order of confirmation set forth at the outset of this opinion wherein the court reserved jurisdiction to pass upon various matters relating to all mortgages affecting the debtor's property, including Seward's mortgage. In accordance with the powers vested in the court by the order of confirmation and Section 105 of the Bankruptcy Code which authorizes it to carry out the provisions of the plan, the motion to deem the *lis pendens* void is granted.

SO ORDERED.

---

1. Section 362(c) specifies the duration of the stay and governs its automatic termination. Paragraph (1) thereof continues the stay against property of the estate until the property is no longer property of the estate. Paragraph (2)(C) thereof provides that the stay shall continue until a discharge is granted or denied. Section 1141, which deals with the effect of the confirmation of the plan, provides in subparagraph (b) thereof that the confirmation vests all of the property of the estate in the debtor; subparagraph (d) thereof provides the debtor with a discharge. Thus, the conditions of Section 362(c) governing the duration of the stay were met when the plan was confirmed, and accordingly the stay was terminated at that time.