In re **ARRED ELECTRICAL CONTRACTING CORP. Debtor.**

**ARRED ELECTRICAL CONTRACTING CORP., Plaintiff,**

v.

**HERBERT CONSTRUCTION CORP., Shnay Construction Corp., Defendants.**

**SHNAY CONSTRUCTION CORP., Third–Party Plaintiff,**

v.

**S & H 88TH STREET ASSOCIATES, Third–Party Defendant.**

**S & H 88TH STREET ASSOCIATES, Third–Party Defendant and Third–Party Plaintiff,**

v.

**BEYER, BLINDER, BELLE, ARCHITECTS AND PLANNERS, Third–Party Defendants.**

Bankruptcy No. 86 B 11393 (BRL).
Adv. No. 87–5228A.

United States Bankruptcy Court,
S.D. New York.

Sept. 22, 1989.

Brauner Baron Rosenzweig Kligler Sparber Bauman & Klein, for debtor and Chapter 11 Trustee Alan Nisselson, New York City; Mel P. Barkan, of counsel.

Ohrenstein & Brown, New York City by Eric H. Morrison, for S & H 88th Street Associates.

Marc S. Krieg, P.C., Dix Hills, N.Y., for Beyer, Blinder, Belle, Architects and Planners.

BURTON R. LIFLAND, Chief Judge.

## BACKGROUND

The pertinent facts do not appear to be in dispute. Plaintiff, Arred Electrical Contracting Corp. ("Arred") was the electrical subcontractor on a residential construction project at 58–60 East 88th Street in Manhattan (the "Project"). On or about April 3, 1987 Arred commenced this adversary proceeding against defendants Herbert Construction Corp. ("Herbert") and Shnay Construction Corp. ("Shnay"), the general contractor (the "Complaint") to recover damages in connection with work performed on the Project. Herbert answered the Complaint on or about May 22, 1987. Shnay answered the Complaint on or about April 30, 1987, with a cross-claim against the Defendant Herbert. Thereafter, on or about May 5, 1987, Defendant Shnay commenced a third party action against S & H 88th Street Associates ("S & H"), the owner, as third party Defendant. On or about July 3, 1987, Arred served an amended complaint joining S & H as a defendant. S & H then brought in an additional third party defendant, Beyer, Blinder & Belle, Architects and Planners ("Beyer, Blinder & Belle") by a third party summons and complaint dated July 13, 1987.

On or about July 23, 1987, Arred filed a Notice of Mechanic's Lien dated June 25, 1987 against the property of Defendant S & H 88th Street in the amount of $257,-786.11 (the "Mechanic's Lien"). Thereafter, on or about August 28, 1987, the Mechanic's Lien was bonded by Fidelity and Deposit Company of Maryland ("Fidelity"). Approximately five months after Arred filed its Mechanic's Lien, Atlas Tile and Marble Works, Inc. and Atanco Inc. (collectively "Atlas Tile"), the joint venture who performed the masonry subcontracting work on the Project, joined Arred as a party defendant in a state court lien foreclosure action.

Arred now moves for an order granting it leave to amend its Complaint herein to add Fidelity as a party defendant. In addition, Arred seeks to amend its Complaint to add a cause of action for foreclosure of the Mechanic's Lien. Arred alleges in its motion to amend that in late April 1988, its attorney, Mr. Raucher, contacted the attorneys for defendants to obtain consents to a stipulation permitting service of an amended complaint incorporating a cause of action for foreclosure. Mr. Raucher alleges that although the parties had agreed to execute the stipulation permitting the amendment, S & H's attorneys rescinded their agreement and changed their position after the one year period set forth in § 17 of the New York Lien Law (the "Lien Law") had elapsed.[1] Thus, no stipulation was ever formally executed except by the third party defendant Beyer, Blinder & Belle. On the other hand, S & H asserts that it never agreed to stipulate to amend the Complaint in order to allow a foreclosure claim to be asserted against itself.

Subsequently, S & H cross-moved for an order lifting the automatic stay, pursuant to § 362(a) of the Bankruptcy Code (the "Code"), for the purpose of allowing it to make an application to the state court to vacate and discharge the Mechanic's Lien bond herein on the ground that it has expired by operation of law. S & H alleges that Arred's proposed amended complaint which seeks a cause of action to foreclose the Mechanic's Lien bond is time-barred pursuant to § 17 of the Lien Law.

In reply, Arred asserts that although it did not seek an order continuing its Mechanic's Lien, its lien is fully effective because (1) Arred was joined as a party defendant in another subcontractor-lienor's action to foreclose within the applicable period; (2) Arred sought to commence a foreclosure proceeding within the applicable one year period; (3) the instant application to amend the Complaint to include a foreclosure claim relates back pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (the "Federal Rules"); and (4)

---

1. Mr. Raucher states in his Affidavit that the understanding was reached within the one year deadline, but that because he was stricken with lung cancer, his incapacitation prevented him from effectively policing its timely execution and receipt. (*See* David Raucher's Affidavit in Opposition at ¶ 7).

based on the doctrine of estoppel, the foreclosure action should be permitted to proceed.

## DISCUSSION

### The Viability of Arred's Mechanic's Lien.

Section 17 of the Lien Law is controlling with respect to the duration of a mechanic's lien which provides that

a notice of mechanic's lien is viable for a period no longer than one year unless, within that time, the lienor either (a) obtains an order of the court extending the lien for a period up to one year and redockets the lien; or (b) commences an action to foreclose the lien *and* filed a notice of pendency with the clerk of the appropriate county; or (c) is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant had filed a notice of the pendency of the action. (emphasis in original.)

*In re Millerlee Corp.* 70 B.R. 780, 782 (Bankr.S.D.N.Y.1987); N.Y. Lien Law § 17 (McKinney's 1966 and Supp.1987).

It is undisputed that on or about April 19, 1988, three months prior to the expiration of its Mechanic's Lien, Arred was joined as a party defendant in a lien foreclosure action commenced by Atlas Tile. However, neither a notice of pendency of that action was ever filed nor was Atlas Tile's mechanic's lien discharged by S & H posting a bond or depositing money with the court.

Arred argues that it still falls within the purview of § 17 even though no notice of pendency was filed since Arred's Mechanic's Lien had been discharged some eight months earlier after S & H filed an undertaking with respect to Arred's Mechanic's Lien. Consequently Arred maintains that no notice of pendency was necessary. In this regard, Arred relies on the portion of the statute which states that "[w]here a lien is discharged by deposit or by order, a notice of pendency of the action shall not be filed." N.Y. Lien Law § 17.

Arred also relies on *Ward v. Kilpatrick*, 85 N.Y. 413 (1881) in which funds were deposited with the court to secure the obligation of the lien. In *Ward*, the Court of Appeals found that the lis pendens requirement of the statute was inapplicable:

That provision under the statute has no application to a case where the lien upon the real estate is discharged by the deposit in court of the amount of the debt as was done in this case. In that event, the lien is shifted to the fund, the controversy ceases to affect the real estate or third persons, and a lis pendens becomes unnecessary.

*Id.* at 418. Accord, *Sheffield v. Early*, 73 Hun. 173, 25 N.Y.S. 1098 (1st Dep't 1893); *Western Woodworking Co., Inc. v. Kaskel*, 133 N.Y.S.2d 632 (Sup.Ct.1954). *See also, Bargabos Construction Co. v. Realty Int'l, Inc.*, 96 Misc.2d 1028, 410 N.Y.S.2d 263 (Sup.Ct.1978) (court denied a motion to dismiss plaintiff's foreclosure action for its failure to extend its lis pendens because defendants had filed an undertaking, thereby removing the lien as an encumbrance upon the real estate.) Arred also relies on several cases involving monies due under a contract for public improvements, (*see, Yula Corp. v. George Wassil Heating & Air Conditioning Corp.*, 73 Misc.2d 343, 342 N.Y.S.2d 673 (Sup.Ct.1973); *Belt Painting Corp. v. Edward L. Nezelek, Inc.*, 90 App.Div.2d 188, 457 N.Y.S.2d 632 (3rd Dep't 1982)).

In contrast, S & H asserts that Arred's interpretation of the Lien Law is incorrect. Instead, S & H argues as follows:

The plain meaning of the language of the statute is that no notice of pendency is required with respect to the action *in which the lien has been discharged*. Accordingly, had Arred timely commenced a foreclosure action, no notice of pendency would have been required in that action. This result, however, has no effect upon the necessity of a notice of pendency in the Atlas Tile action, since the purported mechanic's lien in that case has *not* been discharged upon the filing of a bond or undertaking. (emphasis in original).

S & H's Memorandum of Law at 6.

S & H's interpretation of the statute, however, is narrow, preclusive and ignores

that statutory purposes of the lien law. For the reasons set forth below, this Court finds that Arred's Notice of Mechanic's Lien is viable since (1) Arred has been made a party defendant in an action to enforce another party's lien; and (2) the Mechanic's Lien had been bonded by Fidelity which obviates the need for Arred to file a notice of pendency.

"The Mechanics Lien statute is a remedial one and is to be liberally construed to carry out the purpose of its enactment." *Tri–City Elec. Co., Inc. v. People,* 96 A.D.2d 146, 468 N.Y.S.2d 283, 286 (4th Dep't 1983) (citing *Alyea v. Citizens' Savings Bank,* 12 App.Div. 574, 42 N.Y.S. 185 (1896), *aff'd* 162 N.Y. 597, 57 N.E. 1103 (1900)). Section 23 of the Lien Law provides in pertinent part as follows:

This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce same.

N.Y. Lien Law § 23 (McKinney's 1966 and Supp.1987). "This rule of liberal construction is not without limit however and does not authorize judicial legislation to enlarge the clearly defined scope of purpose of the Lien Law." *Tri–City Elec.,* 468 N.Y.S.2d at 286 (citing *Raymond Concrete Pile Co. v. Federation Bank & Trust Co.,* 288 N.Y. 452, 43 N.E.2d 486 (1942), *aff'd* 290 N.Y. 611, 48 N.E.2d 709 (1943)).

■ Although there appears to be no case directly on point with this issue, *New York Jurisprudence 2d,* a well-respected treatise on New York Law, states as follows: "[i]f the lien of a defendant upon real property has been discharged by a bond or deposit of money ... it is unnecessary for him to file a notice of pendency of the action." 76 N.Y.Jur.2d § 111 at 524 (1989). This is the logical conclusion because where a lien on real property is discharged by deposit or order, a notice of pendency need not be filed as the lien is shifted from the realty to the deposit or the surety bond and the *lis pendens* thus becomes unnecessary. *Id.* § 109 at 519. *See*

*also, Ward v. Kilpatrick,* 85 N.Y. 413 (1881); *Western Woodworking Co. v. Kaskel,* 133 N.Y.S.2d 632 (1954); *White Plains Sash & Door Co. v. Doyle,* 147 Misc. 2, 263 N.Y.S. 44 (1931), *aff'd* 236 App.Div. 857, 260 N.Y.S. 958 (1932), *aff'd* 262 N.Y. 16, 186 N.E. 33 (1931).

A similar conclusion can be obtained by examining the purpose that the filing of a *lis pendens* serves.

A *lis pendens* is a notice of a claim made in respect to property which is the subject of a pending suit, but it does not of itself create an encumbrance upon the property. *Simon v. Vanderveer,* 155 N.Y. 377, 382, 49 N.E. 1043 (1898). The purpose of a notice of pendency was described in *Mechanics Exchange Savings Bank v. Chesterfield,* 34 A.D.2d 111, 113, 309 N.Y.S.2d 548 (1970) as follows: 'Its function is to carry out the public policy that a plaintiff's action shall not be defeated by an alienation of the property during the course of the lawsuit.'

*In re Millerlee Corp.,* 70 B.R. at 783 (quoting *In re Kodo Properties, Inc.,* 63 B.R. 588, 589 (Bankr.E.D.N.Y.1986)).

■ Thus, the shifting of the lien from the affected real property to the bond or deposited money immediately relieves the real property of its burden and the owner may freely alienate it. Jensen, *Mechanics' Liens,* § 251 at 260 (Marks 4th ed. 1963) (hereinafter "Jensen"). *See also, White Plains Sash,* 262 N.Y. at 19, 186 N.E. 33. Consequently, the lienor ceases to have any interest in the real property, (Jensen, *supra. See also, Schriefer v. Hewlett Manor Co.,* 228 App.Div. 649, 238 N.Y.S. 926 (1929)), and the surety's obligation is thus substituted for the security of the real property. Jensen, *supra.*

■ Clearly no purpose would be served by requiring Arred to file a *lis pendens* and thus it can be concluded that when the mechanic's lien on the real property has been shifted to either a bond or deposited money, it is not necessary for the defendant to file a notice of pendency in another party's action to enforce that party's lien. Since this Court finds that Arred's Mechanic's Lien is still viable pur-

suant to § 17 of the Lien Law it is not necessary to address the alternative theories raised in Arred's papers as to why its Mechanic's Lien has not expired by operation of law. Consequently, based on the foregoing analysis, S & H's cross-motion for relief from the automatic stay is hereby denied as Arred's Mechanic's Lien is still viable.

### Arred's Motion To Amend Its Complaint.

Since this Court finds that Arred's Mechanic's Lien is viable pursuant to § 17 of the Lien Law, S & H's assertion that Arred's Mechanic's Lien has expired by operation of law, and thus Arred's motion to amend its Complaint to assert a foreclosure action is time-barred, is without merit. Therefore, the merits of the issue as to whether Arred should be granted leave to amend its Complaint will now be addressed.

■ S & H is correct in its assertion that Arred's motion to amend its Complaint is technically a motion to supplement its Complaint pursuant to Federal Rule 15(d). Federal Rule 15(d) provides in pertinent part:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date the pleading sought to be supplemented.

"A supplemental pleading serves to bring a controversy up to date; it introduces newly-occurring facts enlarging or changing the relief sought in the original complaint." *Moore's Federal Practice* ¶ 15.16[1] at 15–175–15–176. "This may even include the addition of new parties where subsequent facts make it necessary and proper to do so." *Id.* at 15–175–15–177. *Henss v. Schneider,* 132 F.Supp. 64 (S.D.N.Y.1955). "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Moore's Federal Practice* ¶ 15.16[3] at 15–183.

■ The original cause of action in Arred's Complaint was based upon a contract allegedly entered into between Arred and Shnay. The proposed amended complaint adds a foreclosure claim premised upon a Mechanic's Lien filed on July 23, 1987, three months after the original action was commenced. Additionally, the proposed amended complaint adds Fidelity as a defendant. It cannot be disputed that the proposed amended complaint involves transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. The events addressed in the proposed amended complaint clearly have a strong relationship with the transactions or occurrences or events which are outlined in the original Complaint. The Mechanic's Lien that Arred now seeks to foreclose is merely a security for the underlying contractual dispute upon which this adversary proceeding is based. S & H even admits that both the Complaint and the proposed amended complaint relate to the services allegedly performed by Arred at the premises located at 60 East 88th Street. (S & H's Reply Affidavit at ¶ 6.)

Moreover, the prejudice that will inure to S & H in allowing Arred to supplement its Complaint at this time is minimal. Although it is still unclear whether S & H ever agreed to enter into a stipulation in April 1988 to accept service of the proposed amended complaint, it cannot be disputed that Arred's April 25, 1988 letter which attached a copy of the proposed amended complaint, (*see,* David Raucher's Affidavit in Opposition at ¶ 7, Exhibit 2 and Exhibit 3), put all parties on notice that an amended complaint was forthcoming. Consequently, this Court finds that Arred should be granted leave to supplement its Complaint.

### Conclusion.

Based on the foregoing analysis this Court holds that (1) S & H's Cross–Motion

for an order lifting the automatic stay for the purpose of allowing it to make an application to the state court to vacate and discharge the Mechanic's Lien bond on the ground that it has expired by operation of law is hereby denied; and (2) Arred's motion for an order granting it leave to amend or supplement its Complaint is hereby granted.

It is so Ordered.