### WILLIAM BRADLEY & SON v. HENRY HUBER CO. et al.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

1. MUNICIPAL CORPORATIONS (§ 373*) — MUNICIPAL LIENS — NOTICE — SUFFICIENCY.

    Though Lien Law (Consol. Laws 1909, c. 33) § 23, requires the article to be construed liberally, a notice of municipal lien is ineffective, if it does not state when the claim is due, as required by section 12.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

2. MUNICIPAL CORPORATIONS (§ 373*)—MUNICIPAL LIENS—ENFORCEMENT.

    A lien for labor or material furnished for a municipal corporation is lost through failure to sue to foreclose it within three months from filing of notice, and through failure to file notice of such suit, as required by Lien Law (Consol. Laws 1909, c. 33) § 18.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

3. MUNICIPAL CORPORATIONS (§ 373*)—MUNICIPAL LIENS—ENFORCEMENT—"LIENS."

    Lien Law (Consol. Laws 1909, c. 33) § 17, providing that, if a lienor is made defendant to a suit to enforce another lien, and plaintiff or such defendant has filed notice of pendency of the suit, the lien of such defendant is continued, does not extend to municipal "liens."

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 373.*

    For other definitions, see Words and Phrases, vol. 5, pp. 4144–4153; vol. 8, p. 7707.]

Appeal from Trial Term, New York County.

Action by William Bradley & Son against the Henry Huber Company, the Charles J. Tagliabue Manufacturing Company, and others. From the judgment, plaintiff and the named defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

---

Robert H. Ewell, for appellant William Bradley & Son.

David Asch, for appellant Henry Huber Company.

Henry B. Johnson, for appellant Charles J. Tagliabue Manufacturing Company.

J. Noble Emley, for respondent.

McLAUGHLIN, J.  This appeal is from a judgment dismissing the complaint against the defendants Sullivan and city of New York, and dismissing the action against the same defendants as a lien action. The action was brought to foreclose a municipal lien.  The respondent Sullivan was the general contractor for the construction of a school building for the city of New York.  The appellants claim liens for labor and materials furnished to a subcontractor.  At the trial the complaint was dismissed against the city and Sullivan, and the action dismissed as a lien action so far as it concerned the same defendants.  The plaintiff, the Huber Company, and the Tagliabue Manufacturing Company have each separately appealed.

[1] It is unnecessary to consider the various questions raised by the appeal; it being sufficient to state why, as it seems to me, this judgment is right, and should be affirmed.  The complaint was properly dismissed as to the plaintiff, because its notice of lien did not comply with the statute.  Section 12 of the lien law provides that:

"The notice shall state the name and residence of the lienor, the name of the contractor or subcontractor for whom the labor was performed or materials furnished, the amount claimed to be due or to become due, the date when due," etc.

There is no statement in the notice of lien filed by the plaintiff of "the date when due," and as this is expressly required by the statute it rendered the notice ineffective.  It is true that section 23 of the lien law provides:

"This article is to be construed liberally to secure the beneficial interests and purposes thereof."

But this does not authorize the court to entirely dispense with what the statute says the notice shall contain.  Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117; Schwartz v. Lewis, 138 App. Div. 566, 123 N. Y. Supp. 319.

[2] As to the other two appellants, the action was properly dismissed as a lien action because of their failure to keep their liens alive as provided in section 18 of the lien law.  This section provides that:

"If the lien is for labor done or materials furnished for a public improvement it shall not continue for a longer period than three months from the time of filing the notice of such lien, unless an action is commenced to foreclose such lien within that time and a notice of the pendency of such action is filed with the comptroller of the state or financial officer of the municipal corporation with whom the notice of such lien was filed, or unless an order be made by a court of record continuing such lien and a new docket be made stating such fact."

Section 21 of the same law provides that:

"A lien against the amount due or to become due a contractor from the state or a municipal corporation for the construction of a public improvement

may be discharged as follows: * * * (2) By lapse of time. When three months have elapsed since filing the notice of lien and no action has been commenced to enforce the lien."

Neither the Huber Company nor the Tagliabue Company commenced actions to forclose their liens within the time specified in the statute, nor did they file a lis pendens in this action, or procure their liens to be kept alive by an order of the court; and it therefore follows that their claims ceased to be liens upon the fund in question unless the same were preserved and kept alive by the commencement of this action. I do not think the commencement of this action had that effect; certainly not, if effect be given to section 18, above quoted. That section—which gave them a right to file a lien—provides two specific methods by which that lien could be kept alive, and they have availed themselves of neither.

[3] But it is contended that the commencement of this action relieved them of the burden of keeping their liens alive. Such contention is based upon the provisions of section 17 of the lien law, which relates wholly to liens upon private property, and provides that:

"If a lienor is made a party defendant in an action to enforce another lien, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section, the lien of such defendant is thereby continued."

But this section is not available. Guardian Trust Co. v. Church Construction Co. et al., decided without opinion at the June, 1911, term; Snyder's Lien Law (5th Ed.) p. 194; Danziger v. Simonson, 116 N. Y. 329, 22 N. E. 570. The language of the statute makes a clear-cut distinction between liens upon private property and liens upon funds accruing to contractors for a public improvement. Section 18 does not contain any provision analogous to the provision quoted from section 17, and to read into it that provision is to enact a statute by judicial decree, instead of construing a statute which the Legislature has made.

It may be, if they had filed a lis pendens in this action within three months after filing their notice of lien, and served an answer on the other parties to the action, that then they would be in a position to proceed in the action, notwithstanding the complaint was dismissed as to the plaintiff. This, however, they did not do, and therefore it is unnecessary to pass upon that question at this time.

The judgment appealed from, therefore, is affirmed, with costs. All concur.