JOHN KENNEDY & Co., INC., Respondent, v. NEW YORK WORLD's FAIR 1939 INCORPORATED and THE CITY OF NEW YORK, Appellants, EUGENE SCHOEN and LEE SCHOEN, Copartners, Doing Business as EUGENE & LEE SCHOEN, HENRY BAUMGARD, INC., JAMES P. RICE BUILDING CO., INC., SHOREWOOD CONSTRUCTION CORP., Respondents, CUBAN VILLAGE, INC., and Others, Defendants. (Action No. 1.)*

DRIX DURYEA, INC., Respondent, v. NEW YORK WORLD's FAIR 1939 INCORPORATED and THE CITY OF NEW YORK, Appellants, REPUBLIC OF CUBA and Others, Defendants. (Action No. 2.)*

(Consolidated Action.)

Second Department, October 15, 1940.

* Revg. 174 Misc. 729.

*George deForest Lord* [*Gordon H. Smith* with him on the brief], for the appellant New York World's Fair 1939 Incorporated.

*Milton I. Newman* [*William C. Chanler, Corporation Counsel; Albert Cooper* with him on the brief], for the appellant The City of New York.

*David Morgulas* [*M. Carl Levine* with him on the brief], for the respondent John Kennedy & Co., Inc.

*Henry Amster*, for the respondents Eugene Schoen and Lee Schoen, copartners, etc.

*Herbert M. Rosenberg*, for the respondent Henry Baumgard, Inc.

*David Morgulas*, for the respondent James P. Rice Building Co. Inc.

*William E. Mills, Jr.*, for the respondent Drix Duryea, Inc.

ADEL, J. The essential facts are not in dispute. Defendant The City of New York, by condemnation, acquired land in Queens county known as Flushing Meadow Park for public park purposes. By statute (Laws of 1936, chap. 544) the city's park commissioner was authorized to lease the land to defendant New York World's Fair 1939 Incorporated until March, 1941. Such a lease was made on June 29, 1936, and defendant World's Fair Corporation took possession of the land, divided it into separate plots, and commenced operations. Defendant World's Fair Corporation in turn made an agreement with a concessionaire, known as the Cuban Village Promoting Company, to use a designated parcel of the land. That agreement appears to be a license to use the land for the duration of the fair, and requires demolition of the improvements on the land at the conclusion of the fair and upon notice from the defendant Fair Corporation. A similar provision in the city's lease agreement with the Fair Corporation requires the Fair Corporation to demolish the improvements erected upon the land.

The plaintiff in Action No. 1, John Kennedy & Co., Inc., is a contractor who furnished labor and materials to the concessionaire Cuban Village Promoting Company and built the improvement on that concessionaire's parcel. The contractor was not paid for the improvement. The judgment from which appeal is taken grants to the plaintiff John Kennedy & Co., Inc., a mechanic's lien, with the right of foreclosure and sale thereunder, not only of the property occupied by the Cuban Village, Inc., but of the entire property owned by defendant City of New York which is under lease to defendant Fair Corporation.

The plaintiff in Action No. 2, and several counterclaiming defendants, are contractors who are in substantially the same position as the plaintiff Kennedy, except that they furnished labor and materials to other concessionaires or licensees of the Fair Corporation. All the lienors are respondents herein.

The judgment grants (1) relief to the respondents against the concessionaires, personally, who contracted for and got the benefit of the labor and materials furnished by respondents; (2) relief against the defendant Fair Corporation's entire interest (a leasehold of the whole tract from the defendant city); and (3) relief against the defendant city's ownership of the fee.

The defendant city and the defendant Fair Corporation are the appellants. No appeal is taken by the defendant concessionaires.

Under the Lien Law a mechanic's lien is a proper form of relief for non-payment for improvements on privately owned land. (Lien Law, § 3.) As to property owned by municipal corporations, the law is different: The lien attaches not to the land and the improvements thereon, but to any sum that the municipality may have appropriated for the purpose of making the improvement. That is provided in section 5 of the Lien Law. Under that section, read in conjunction with section 2 of the Lien Law, which defines a public improvement as " an improvement upon any real estate belonging to the State or a municipal corporation," I believe it must be held that no mechanic's lien can attach here, because of the exemption given to city-owned real estate. The lien cannot attach to the city's interest in the real estate.

The respondent John Kennedy & Co., Inc., submits the following question: " Can the City take land belonging to it, not improved, and lease it for a private purpose to a membership corporation, and still claim that it does not thereby subject the fee of that land to a lien to the same extent as any other private land?" I believe that under proper interpretation of the sections of the Lien Law referred to above and the reasonable interpretation of the legislative enabling acts, the answer to this question must be in the affirmative. How-

ever, the answer to that question is not necessarily the determinative one in this case. The question presupposes that the operation of the fair is a "private purpose." It would seem that under the authorities the World's Fair is of such a nature that it is a "public purpose." The fair has the sponsorship, in different degrees, of the city, State and Federal governments. It includes exhibits of art, science, business, states and nations, and educational and recreational facilities. The defendant Fair Corporation is a non-profit membership corporation; and the enabling legislation (Laws of 1936, chap. 544) and a subsequent enactment (Laws of 1939, chap. 471) provide that after payment of expenses, any surplus resulting is to be turned over to the city and the State for public purposes. The fact that an admission fee to the fair is charged does not alter its public character. It has been frequently held that municipal corporations may receive revenue from certain functions without losing their municipal rights. (*Bush Terminal Co.* v. *City of New York*, 282 N. Y. 306, 317, 318; *People ex rel. Mayor, etc., of N. Y.* v. *Assessors*, 111 id. 505; *People ex rel. Trustees M. H. & A. Fund* v. *Miller*, 279 id. 137.)

If the exemption of the city's real estate and the improvements thereon from the force of a mechanic's lien were dependent upon whether the land was in public use or not, I believe the foregoing facts and authorities require a holding that the use here is public. However, I believe that under the Lien Law the use is not the determining factor; mechanics' liens cannot attach to city-owned real estate and the improvements thereon, in any event. The inalienability of city-owned real estate is required to be preserved under section 383 of the New York City Charter. (Laws of 1934, chap. 867.)

The court is sensible of the fact that equity makes every effort to aid in procuring payments to building contractors for materials furnished and work performed when that can be done within the spirit of the Lien Law and within the court's power. And to that end the subject has been investigated to determine if liens cannot be sustained against the specific improvements made by the respondents and the Fair Corporation's interest in the leasehold. Neither appellant seems to have any permanent interest in these improvements. The city will require removal of the improvements at the conclusion of the fair, so that the land may be used as a public park, and the defendant Fair Corporation is obligated to make the demolition. The fact is, however, that the improvement made by the respondent Kennedy, and for which the largest claim is asserted, namely, the Cuban Village, has already been demolished. As to those improvements, which are still standing, practical considera-

tions make it appear that it would be futile to order their sale as salvage material. But if the contrary is the fact, it would seem that such material can be reached by way of execution of the portion of the judgment that is against the various concessionaires personally, and from which portion of the judgment no appeal has been taken. And the court reaches the same conclusion on the same reasoning with relation to that part of the judgment which directs a sale of the defendant Fair Corporation's leasehold interest as to the property leased as a whole or affecting any particular part of the leased premises.

The judgment, in so far as appealed from, should be reversed on the law, without costs, and judgment dismissing the complaint of the plaintiffs and the counterclaims of respondents should be directed in favor of appellants, without costs; and for the purposes of this decision the pertinent findings of fact should be reversed and the conclusions of law disapproved.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., concur.

Judgment, in so far as appealed from, reversed on the law, without costs, and judgment dismissing the complaint of plaintiffs and the counterclaims of respondents directed in favor of appellants, without costs. For the purposes of this decision the pertinent findings of fact are reversed and conclusions of law disapproved. Settle order on notice.