Per Curiam.

Section 18 of the Lien Law, applicable to mechanic’s liens on contracts for a public improvement, provides that they shall expire, where not continued by order, unless within six months from the time of filing the notice of lien an action to foreclose be commenced as well as a notice of pendency of such action be filed. It is explicitly provided that these requirements apply even though an undertaking be substituted for the lien and the lien thereby discharged. Accordingly, the first cause of action being to establish such a lien, it is not maintainable for failure to file a notice of pendency of the action within the prescribed time. (Catapano v. Clemente, 85 N. Y. S. 2d 764, affd. 274 App. Div. 995.) In White Plains Sash & Door Co. v. Doyle (262 N. Y. 16) urged upon us by plaintiff, the court found that section 17 dealing with liens on real property, there involved, contained an express provision that as to such liens a lis pendens need not be filed where the lien had been discharged by deposit or order. No such provision appears in section 18, which governs this action, and we may not read it into the section despite the declaration therein that the section shall be liberally construed. Its omission from section 18 must be held to be deliberate, since it has been part of section 17 (the corresponding provision as to declaration of liens on real property) for years and numerous decisions of the courts, including the White Plains Sash case, have discussed its meaning and effect.
*849 The branch of the motion of defendant National Surety Corp. addressed to rule 113 should therefore have been granted. As it is a defendant solely by virtue of the first cause of action, it was entitled to a dismissal of the complaint as against it.
In view of this disposition, it is unnecessary to pass upon the question raised on the branch of the motion under rule 106.
The order should be reversed, with $10 costs, and motion granted dismissing the complaint as against defendant National Surety Corp.
Hofstadter, Eder and Tilzer, JJ., concur.
Order reversed, etc.