Albert H. Bosch, J.
In this action to foreclose certain mechanics’ liens upon the leasehold interest of the defendant New York World’s Fair 1964-1965 Corporation (hereinafter called the Fair Corporation) and the subleasehold interest of defendants Angus Q. Wynne, Jr., and Compass Fair, Inc., plaintiffs Ingram & Greene, Inc., and Tishman Construction Corp. (hereinafter called Ingram and Tishman, respectively), move, in substance, (1) for summary judgment, (2) for the appointment of a temporary receiver of the rents and profits accruing to or receivable by the Fair Corporation, and (3) for a temporary injunction restraining the Fair Corporation from paying out any of said rents and profits during the pendency of this action. Plaintiff Consolidated Electric Construction Co., Inc. (hereinafter called Consolidated) cross-moves for the same relief. The Fair Corporation cross-moves to dismiss the complaint on the ground that the City of New York is a necessary party to this action. Defendants Wynne and Compass Fair, Inc., the sublessees, are in default in appearing in this action.
Pursuant to chapter 428 of the Laws of 1960, the City of New York leased certain park lands in Queens County to the Fair Corporation under an agreement dated May 27, 1960, for the exclusive purpose of operating a World’s Fair. The Fair Corporation sublet a portion of said park lands to Wynne and Compass Eair, Inc., for the purpose of building and operating a pavilion known as the Texas Pavilion and Music Hall in conjunction with said World’s Fair. In December, 1962 Tishman *202 contracted with Wynne and Compass Fair., Inc., to construct said pavilion and subcontracted the excavation and concrete work to Ingram. Consolidated contracted to install the electrical equipment.
The plaintiffs filed mechanics’ liens against the leasehold interest of the Fair Corporation and the subleasehold interest of Wynne and Compass Fair, Inc., but not against the feehold interest of the City of New York.
Wynne and Compass Fair, Inc., have been adjudicated bankrupts and are no longer tenants or in possession of the Texas Pavilion and Music Hall, their lease having been terminated. Heretofore, in separate actions for money only, Tishman and Consolidated obtained judgments against Wynne and Compass Fair, Inc., for the moneys due under the aforesaid construction contracts, and for which moneys the plaintiffs now claim liens.
The Fair Corporation opposes the main motion and the cross motion by Consolidated on the ground, among others, that a mechanic’s lien may not be had against real property owned by the City of New York.
There is no doubt that, under the authority of John Kennedy & Co., Inc. v. New York World’s Fair 1939 (260 App. Div. 386, affd. 288 N. Y. 494), the park lands of the City of New York are exempt from liens and lien foreclosure. The plaintiffs concede that they are not entitled to a lien against the feehold interest of the city and do not claim one, but contend that under sections 2 and 4 of the Lien Law they may properly have mechanics’ liens against the leasehold interest of the Fair Corporation and the subleasehold interest of Wynne and Compass Fair, Inc. Plaintiffs further rely on the Special Term decision in the Kennedy case (174 Misc. 729) which holds that a lien attached to the feehold interest of the city and the leasehold interest of New York World’s Fair 1939 Inc. They argue that the Appellate Division, in reversing that decision, pointed out the futility of foreclosing a lien on an expired leasehold (the 1939 World’s Fair had terminated when the action to foreclose the lien was commenced) and impliedly affirmed the determination at Special Term that a lien may attach to the leasehold interest.
While the court is aware that the Appellate Division pointed out the futility of foreclosure because of the expiration of the lease, it does not agree with the plaintiffs that the Appellate Division thereby ruled that the lease was susceptible to lien. (See John Kennedy & Co., Inc. v. New York World’s Fair 1939, 260 App. Div. 386, 389-390, supra.)
A mechanic’s lien may attach to a leasehold interest in privately-owned real estate. (See Knapp v. Brown, 45 N. Y. *203 207, 212; Cornell v. Barney, 94 N. Y. 394, 399; Jensen, Mechanics' Lien Law, § 42.) For purposes of these motions, the court will assume that a mechanic’s lien may also attach to a leasehold interest in publicly-owned real estate.
Park land owned by the City of New York is inalienable (New York City Charter, § 383; see Aldrich v. City of New York, 208 Misc. 930, affd. 2 A D 2d 760) and may not be leased except (1) upon the approval of the Board of Estimate of the City of New York, with a lease given at public auction or by sealed bid, or (2) as otherwise provided by law. (New York City Charter, § 384.) The clear intendment of these sections of the New York City Charter is that no one may acquire a lease to a city park without the approval of the Board of Estimate or the State Legislature. By chapter 428 of the Laws of 1960, the Legislature authorized the City of New York to lease certain park lands in Flushing Meadow, Queens County, to the Fair Corporation ‘ ‘ or any successor corporation” without a public auction or sealed bids. Upon a reading of chapter 428 of the Laws of 1960, it is clear that the term “ successor corporation ” includes only a nonprofit membership corporation approved by the State and the city, organized for the purpose of running a World’s Fair and which, upon the close of the Fair, would pay its net receipts to the city for specified public uses.
If the leasehold interest of the Fair Corporation is foreclosed as requested by plaintiffs, any individual, partnership or corporation could acquire at the sale a lease of city park lands without the approval of either the Board of Estimate or the Legislature, an acquisition which this court views as without contemplation of law.
Further, pursuant to section 535 of the New York City Charter, it is unlawful “ to grant, use or occupy, for the purposes of a public fair or exhibition, any portion of any park ”. Chapter 428 of the Laws of 1960 not only provides that the city may lease its park lands to the Fair Corporation, but also provides that “ [said] corporation or its successors are hereby authorized to lease the same [said park lands], and conduct thereon any and all of the activities pertaining to a worldh fair”. Under the circumstances, were the court to permit the foreclosure and sale of the leasehold interest of the Fair Corporation, no purchaser thereof could legally run a fair upon the park lands, as no exception from the prohibition of section 535 of the City Charter is provided by chapter 428 of the Laws of 1960, other than for the Fair Corporation. The lease and chapter 428 of the Laws of 1960 prohibit the use of the leased park lands for a purpose other than a World’s Fair.
*204 From the foregoing, it is apparent to this court that it would be futile to order the sale of the leasehold interest of the Fair Corporation. It would be equally futile to order the sale of the subleasehold interests as said subleaseholds have been terminated. (See John Kennedy & Co., Inc. v. New York World’s Fair 1939, 260 App. Div. 386, 389-390, affd. 288 N. Y. 494, supra.)
The decision at Special Term in the Kennedy case (174 Misc. 729, supra), foreclosing the leasehold interest of New York World’s Fair 1939 Inc., is, in part, distinguishable from this case. It was argued there that New York World’s Fair 1939 Inc. had the sole right to enter the park and conduct the Fair and that the Legislature, by the Enabling Act, superseded all other acts and local laws inconsistent with the provisions of the “ ‘ special code ’ ”. The court reasoned that the “ ‘ special code ’ ” referred to was the “ ‘ Special Code of Ordinances ’ ” enacted to govern activity on the fairgrounds and, therefore, did not mean that the Lien Law was superseded.
This court concludes that the Fair Corporation has the sole right to enter the park and conduct a World’s Fair and notes that chapter 428 of the Laws of 1960 provides, unlike the Enabling Act of 1936: “ In so far as the provisions of this act are inconsistent with the provisions of any other act, general or special, or of any local law of the city of New York, the provisions of this act shall he controlling.”
Special Term, in the Kennedy case (174 Misc. 729, 732, supra) further stated, with reference to the Lien Law: “ The Legislature had * * * not the power to create a corporation to conduct a fair with the necessary authority to contract and do business with all and sundry, and yet not be subject to the liabilities incident thereto.”
Mechanics’ liens were unknown at common law (see Billson Housing Corp. v. Harrison, 26 Misc 2d 675, 676-677) and were created by the Legislature to provide an additional remedy to persons providing material or labor for the improvement of privately-owned real property (see Matter of Magowan, 203 N. Y. S. 2d 35, 37) by charging the real property benefited thereby.
The Legislature has determined that it is in the public interest and for the public good that a World’s Fair be held. The Fair Corporation was organized for the sole purpose of advancing said public interest and good. It receives no benefit from the construction of pavilions, other than the advancement of said public interest and good. Any financial profit gained by the running of the World’s Fair accrues to the City of New York for specified public uses. The Fair Corporation has had no *205 dealing with the plaintiffs and it is not personally obligated or indebted to the plaintiffs. Therefore, to the extent that chapter 428 of the Laws of 1960 may supersede the Lien Law, the court does not believe that the Legislature acted without its proper powers.
Accordingly, summary judgment is granted in favor of the Fair Corporation dismissing the complaint and, in all other respects, the motion and cross motions are denied as moot.