John T. Casey, J.
S. J. Groves & Sons Company (herein Groves) has moved this court for an order vacating mechanic’s liens which were filed by three parties: L. B. Smith, Incorporated, Fred W. Harrison and James Ingersoll. Groves claims the liens should be vacated upon the ground that the lis pendens which covered the liens has expired. L. B. Smith, Incorporated does not object to granting such relief and James Ingersoll failed to appear in opposition to the motion. The other lienor, Fred W. Harrison (herein Harrison) has submitted an affidavit in opposition to the motion.
Groves contracted with the State of New York to perform certain work and thereafter entered into a subcontract with another corporation, Warren Aggregates, Inc. (herein Warren) to perform the work under the prime contract. The lienors are materialmen and suppliers of Warren. The Harrison lien was filed.on December 21, 1966. On January 3, 1967 a lis pendens was filed in which Harrison was named as a party. Under CPLR 6513 the lis pendens expired three years from the date of filing unless a motion to extend the lis pendens was granted by the court prior to the expiration of the three-year period. (Robbins v. Goldstein, 32 A D 2d 1047, app. dsmd. 26 N Y 2d 749; Carvel Dari-Freeze Stores v. Lukon, 219 N. Y. S. 2d 716, mod. 18 A D 2d 700.) An extension was not obtained.
During the period of the lis pendens Warren went into bankruptcy and that court issued an order which provided in pertinent part: “ That all persons be and they hereby are enjoined and stayed until final decree herein, from commencing any suits against Warren Aggregates, Inc. * * * other than suits to enforce liens upon the property of said debtor ”. Harrison claims that because of the order issued in the bankruptcy proceeding involving Warren, he was unable to obtain an order extending the lis pendens.
*1099 The reasons advanced by Harrison for denying the relief requested are not persuasive. First, the order of the bankruptcy court applied to proceedings against Warren and not against Groves — the party against whom the lien had been filed. Secondly, assuming that the stay applied to the proceedings against Groves, that order is not an excuse for complying with the statutory procedure for extending the lis pendens. (Matter of Willax, 93 F. 2d 293; see Matter of Pious Soc. of St. Paul v. Goldhaber, 35 A D 2d 674; Dick Sand Co. v. State of New York, 137 Misc. 622.)
One issue remains, i.e., whether a public improvement lien, the life of which was extended by filing a Us pendens, expires when the lis pendens expires. Section 17 of the Lien Law entitled 44 Duration of lien ” provides in part: “A lien, the duration of which has been extended by the filing of a notice of pendency of an action as above provided, shall nevertheless terminate as a lien after such notice has been canceled as provided in section sixty-five hundred fourteen of the civil practice law and rules or has ceased to be effective as constructive notice as provided in section sixty-five hundred thirteen of the civil practice law and rules.”
Section 18 of the Lien Law entitled 4 4 Duration of lien under contract for a public improvement ”, provides, inter alia, that a lien under a contract for a public improvement expires six months after it was filed unless a notice of pendency is filed with the Comptroller of the State or the financial officers of the public corporation. Section 18 does not contain, however, a provision whereby a lien which has been extended in such a manner terminates when the lis penden¡s is canceled or ceases to be effective as constructive notice.
If section 17 of the Lien Law applied exclusively to liens for private improvements, and if section 18 of the Lien Law applied exclusively to liens for public improvements, the omission of a provision in section 18 which ties the life of an extended public lien to the lis pendens might indicate a legislative intent that a public improvement lien which was extended by the filing of a lis pendens would outlive the lis pendens. There is language in cases indicating those sections have such exclusive application. (See Bradley & Son v. Huber Co., 146 App. Div. 630; Kaufman Wrecking Corp. v. Banes Constr. Corp., 3 Misc 2d 847.) Those cases, however, deal with situations where a party who has failed to file a public improvement lien in accordance with the more restrictive provisions of section 18 of the Lien *1100 Law and seeks to salvage the lien by applying the less restrictive terms of section 17 of the Lien Law.
■Section 17 of the Lien Law by its terms applies to all liens specified in article 2 of the Lien Law. Article 2 contains both private improvement liens and public improvement liens. By section 18 of the Lien Law the Legislature enacted certain exceptions to section 17. It seems, however, that where section 18 is silent and section 17 is more restrictive the provisions of section 17 should be held to apply. This is especially true in the instant case where a contrary holding would result in a public improvement lien having a perpetual life once a lis pendens is filed.
In light of the above, I hold that the public improvement lien herein expired when the Us pendens expired. The Harrison lien is vacated.
Orders concerning the liens of L. B. Smith Incorporated and James Ingersoll are returned herewith. Submit order concerning Harrison lien.