Louis Fusco, Jr., J.
Defendant C. E. Youngdahl & Co., Inc., the general contractor upon a contract for a public improvement construction project, moves to vacate the mechanic’s lien filed by plaintiff, a supplier.
The lien was filed by plaintiff in June, 1967, and in August, 1967, plaintiff commenced this action and filed a notice, of pendency with tfye Comptroller of the State of New York and with the public corporation on whose behalf the improvement was made, pursuant to section 18 of the Lien Law. Since the filing of the notice of pendency, that notice has not been extended by judicial order or otherwise.
It is the contention of moving defendant that plaintiff’s mechanic’s lien has expired. Movant contends that as the mechanic’s lien has not been judicially extended, it expired in 1970, three years after it was filed.
If the lien in issue were a mechanic’s lien upon real property, under a contract for private improvement, it is undisputed that the lien would have ceased to be effective three years after it was filed, as there was no judicial extension of the lien. The duration of a mechanic’s lien upon real property under a contract for private improvement is governed by section 17 of the Lien Law, which provides that a private improvement mechanic’s lien which is extended by the filing of a notice of pendency ceases to be effective when the notice of pendency ceases to be effective by the terms of CPLR 6513. CPLR 6513 in turn provides that a notice of pendency, in an action where the judgment demanded would affect the title to, or the possession, or the use or enjoyment of real property (see CPLR 6501), expires three years after it is filed unless judicially extended.
In support of its contention movant cites the 1972 decision of the Supreme Court, Albany County in the Matter of Groves & Sons Co. v. L. B. Smith, Inc. (68 Misc 2d 1097), which held that the expiration of lien provision of section 17 of the Lien Law, which. would have rendered a private improvement mechanic’s lien ineffective under the facts at bar, also applies to *345 public improvement mechanic’s liens, the duration of which is governed by ¡section 18 of the Lien Law, even though a similar provision is not contained in -section 18 of the Lien • Law. The court in the Groves case interpreted article 2 of the Lien Law as a whole to require the reading of the expiration provisions in section 17 as applying to public improvement mechanic’s liens. The court reached its conclusion in order to avoid the holding that a public improvement mechanic’s lien would have a perpetual life once a notice of pendency is filed in extension thereof.
This court however, is constrained not to follow the Groves {supra) decision.
A public improvement mechanic’s lien does not attach to the real property upon which the improvement is constructed, but rather to any sum that the public corporation may have appropriated for the improvement (Lien Law, § 5; Kennedy & Co. v. New York World’s Fair 1939 Inc., 260 App. Div. 386, 388, affd. 288 N. Y. 494; Ingram & Green v. Wynne, 47 Misc 2d 200, 202). A public improvement mechanic’s lien cannot be exténded by the filing of a notice of pendency pursuant to CJPLR article 6b, as in an action to foreclose a public improvement mechanic’s lien, the judgment demanded does not affect the title to, or the possession, or the use or enjoyment of real property. A notice of pendency in an action to foreclose a mechanic’s lien cannot be filed with the Clerk of the county in which is located the real property to which the lien attaches, as the lien attaches to no real property. The termination provisions of section 17 cannot relate to public improvement mechanic’s liens, as notices of pendency filed to extend such liens are not notices of pendency pursuant to CPLR article 65.
The above proposition, that the duration of lien provisions of section 17 of the Lien Law for private improvement liens and of section 18 of the Lien Law for public improvement liens is separate and distinct has been stated by the Appellate Division of this Department and affirmed by the Court of Appeals (Bradley & Son v. Huber Co., 146 App. Div. 630, affd. 210 N. Y. 627), and by the Appellate Term of the First Department (Kaufman Wrecking Corp. v. Ranes Constr. Corp., 3 Misc 2d 847), and in a holding affirmed by the Appellate Division of the Second Department (Catapano v. Clemente, 85 N. Y. S. 2d 764, affd. 274 App. Div. 995), and by the Supreme Court, Albany County, in a decision 10 years prior to Groves (supra), which apparently was overlooked by the court in Groves (North Amer. Contr. Co. v. 300 Broadway Realty Corp., 35 Misc 2d 970).
*346 The Groves decision is specifically rejected. Bather this court follows the holdings in all of the other cases cited and holds that the termination of lien provisions of section 17 of the Lien Law does not apply to a public improvement mechanic’s lien. There was no need for plaintiff herein to seek judicial extension of its notice of pendency in order to maintain the validity and effectiveness of its mechanic’s lien upon the funds set aside by the public corporation for the public improvement, more than three years after the notice was filed. The lien continues to be valid and effective.
The motion is denied.