OPINION OF THE COURT
Vincent R. Balletta, J.
This is a petition by Hempstead Resources Recovery Corporation to summarily vacate the notices of mechanic’s lien filed *279 by Peter Scalamandre and Sons, Inc. The petition is based on the premise that the mechanics’ liens cannot be asserted against a leasehold interest in property owned by and leased from a municipality.
In accordance with legislation designating the Town of Hempstead as the custodian of the publicly owned real property at issue, the town leased said land to the petitioner, Hempstead Resources Recovery Corporation ("HRR”), for the enabling legislation’s intended purpose. That is, in its custodial role the town contracted with HRR to design, build, and operate a solid waste disposal system which the Legislature determined was necessary for the public good. (L 1973, ch 190.) The petitioner then subcontracted with the respondent, Peter Scalamandre and Sons, Inc., to make improvements upon the property leased from the municpality in order to meet its contractual obligation with the town to build and operate a solid waste disposal plant. Respondent thereafter filed mechanics’ liens against the leasehold interest of publicly owned land charged with providing the public service of disposing of the town’s solid waste. Petitioner seeks to vacate those mechanics’ liens.
It was not disputed that the respondent could not attach the real property owned by the municipality. In Kennedy & Co. v New York World’s Fair 1939 (260 App Div 386) the court found that under sections 2 and 5 of the Lien Law, mechanics’ liens could not attach to city-owned property nor to the improvements erected thereon. The court determined that the exemption of municipally owned land was not dependent on public versus private use of that land. Implicit in the court’s reasoning, the exception was promulgated under the Lien Law so as to preserve public control over the use of that land, whether that use be public or private. The public’s interest in municpal land is of greater value or concern than that of a single person seeking to assert the additional remedy of a mechanic’s lien. It is intolerable for public property to be encumbered with a mechanic’s lien. (Standard Sand & Gravel Co. v City of New York, 172 App Div 80.) As in Kennedy (supra) irreparable harm could result from a mechanic’s lien attaching to the tract of land owned by the town. The needed solid waste disposal system would be jeopardized upon the sale of the land. Grave health, sanitation, and environmental consequences could befall the Town of Hempstead.
The logical extension of the "inalienability” of the publicly *280 owned land is that the leasehold interest must be "inalienable” as well. To encumber the leasehold is to encumber the land. The town’s control over the real estate would be compromised if this court were to permit respondent’s mechanics’ liens to attach to the leasehold since the land could fall into the hands of an unknown individual for the remaining period of the lease without the public’s approval. The public benefit could be obliterated during that time. The lien would risk a total dismantling of the solid waste disposal system and a conversion of the premises for an unintended use, thus disregarding the legislative intent designating the land exclusively as a solid waste disposal site. (L 1973, ch 190.) Even if Scalamandre and Sons, Inc., enforced their liens and proposed to run the solid waste disposal system themselves, without the element of the public approval, mismanagement and its grave repercussions would be risked. The public’s control over its lands was of utmost importance in Kennedy (supra) and such control can be guaranteed only if public control over the leasehold is maintained as well.
Accordingly, the petition is granted.
In reaching its conclusion herein, the court also notes that a similar conclusion was reached in Matter of Parsons & Whittemore Contrs. Corp. v Central Rigging Constr. Corp. (Sup Ct., NY County, Sept. 25, 1978) and Parsons & Whittemore Contrs. Corp. v Anron Air Systems (Sup Ct, NY County, March 19, 1979.)