BELT PAINTING CORP., Respondent, v EDWARD L. NEZELEK, INC., et al., Defendants, and TRAVELERS INDEMNITY COMPANY, Appellant.

Third Department, December 9, 1982

APPEARANCES OF COUNSEL

*Couch & Howard, P. C.* (*Leslie F. Couch* of counsel), for appellant.

*McDonough, Schneider, Marcus, Cohn & Tretter* (*Franklin E. Tretter* of counsel), for respondent.

OPINION OF THE COURT

WEISS, J.

In this action to foreclose a public improvement lien, the facts are undisputed. Plaintiff, a painting subcontractor to defendant Nezelek on the construction of the Capital District Psychiatric Center, filed a notice of public improve-

ment lien on April 30, 1976 which was discharged by order of this court upon the filing of an undertaking furnished by defendant The Travelers Indemnity Company (Travelers). The instant action was commenced on June 16, 1976, and a notice of pendency was filed on June 22, 1976 with the State Department of Audit and Control and the Facilities Development Corporation, the public corporation on whose behalf the improvement was made. This notice of pendency has not been extended by court order or otherwise. On April 16, 1981, following substitution of new attorneys, Travelers moved to cancel the undertaking, claiming the lien was terminated by expiration of the notice of pendency. Special Term denied the motion giving rise to this appeal.

Essentially, Travelers contends that the lien and its undertaking should be vacated upon the ground that the *lis pendens* which covered the lien and extended its life, expired three years after filing in the absence of court-ordered extension (CPLR 6513). Travelers argues that the expiration of lien provision of section 17 of the Lien Law (applicable to private mechanic's liens) is incorporated by reference into section 18 of the Lien Law (relating to public improvement liens).

Section 18 of the Lien Law provides, *inter alia,* that a lien under a contract for a public improvement expires six months after it is filed unless a notice of pendency is filed, as here, with the Comptroller of the State or the financial officers of the public corporation. This provision applies with equal force to a lien discharged by order on the filing of an undertaking. No provision is made in section 18 for the termination of a lien so extended. Section 17 of the Lien Law, however, provides that a private mechanic's lien extended by the filing of a notice of pendency ceases to be effective when the notice of pendency expires by the terms of CPLR 6513.* It is Travelers' position that because section 17 by its terms applies to all liens specified in article 2 of the Lien Law, while section 18 is limited to public improvement liens, the generally applicable provisions of

---

* CPLR 6513 provides that a notice of pendency, in an action where the judgment demanded would affect the title to, or the possession, or the use or enjoyment of real property (see CPLR 6501), expires three years after it is filed unless judicially extended.

section 17 apply where section 18 is silent. Following this reasoning, Travelers concludes that the termination of lien provision of section 17 limits the duration of *both* private and public improvement liens. Travelers relies on *Matter of Groves & Sons Co. v L.B. Smith, Inc.* (68 Misc 2d 1097 [CASEY, J.]) which interpreted article 2 of the Lien Law as a whole to apply the expiration provisions of section 17 to public improvement liens to avoid the result of giving such liens a perpetual life once a *lis pendens* is filed.

A contrary view was set forth in the subsequent decision of *Yula Corp. v Wassil Heating & Air Conditioning Corp.* (73 Misc 2d 343), which determined that the duration of lien provisions of sections 17 and 18 required exclusive application. *Yula* held (p 345): "[a] public improvement mechanic's lien does not attach to the real property upon which the improvement is constructed, but rather to any sum that the public corporation may have appropriated for the improvement * * * A public improvement mechanic's lien cannot be extended by the filing of a notice of pendency pursuant to CPLR article 65, as in an action to foreclose a public improvement mechanic's lien, the judgment demanded does not affect the title to, or the possession, or the use or enjoyment of real property".

There should be an affirmance. Resolution of the issues mandates a recognition of the distinct difference between a notice of pendency required by section 18 and one governed by CPLR article 65. The time limitation in CPLR 6513 was intended to prevent a notice from acting as a cloud on title for unduly long periods of time (see *Walter v State Bank of Albany,* 73 AD2d 406), a mischief not presented by a notice relating to a public improvement lien. The notice of pendency on a public improvement lien attaches not to any real property but to moneys designated by the public corporation for the construction of the public improvement or to the undertaking (Lien Law, § 5). By contrast, the right of a creditor with respect to a private lien is secured by a lien upon the real property improved (Lien Law, §§ 3, 4). This distinction is significant and is reflected in the difference in filing requirements between a private and a public improvement lien, for only those liens affecting real property need be filed with the appropriate county clerk pursu-

ant to CPLR article 65. We decline to bootstrap the notice of pendency used in public improvement liens into article 65 which very clearly is intended to be applicable exclusively to *lis pendens* filed in connection with liens upon real property.

In our view, section 18 must be treated as separate and distinct from section 17, as previously recognized (see *Bradley & Son v Huber Co.,* 146 App Div 630, affd 210 NY 627; *North Amer. Contr. Co. v 300 Broadway Realty Corp.,* 35 Misc 2d 970; *Kaufman Wrecking Corp. v Ranes Constr. Corp.,* 3 Misc 2d 847). Special Term noted that the statute makes a clear-cut distinction between liens upon private property and liens upon funds for a public improvement. Indeed, to read into section 18 the provisions of section 17 would be "to enact a statute by judicial decree instead of construing a statute which the Legislature has made" (*Bradley & Son v Huber Co.,* 146 App Div 630, 633, *supra*). Pertinent in this respect is a comparison of section 21 of the Lien Law (discharge of lien for public improvement) with section 19 of the Lien Law (discharge of lien for private improvement). The latter section, by its terms applies only to liens "other than a lien for * * * a public improvement". Section 19 also provides that the duration of a lien for a private improvement extended by the filing of a notice of pendency is limited by the cancellation of such notice or its failure as constructive notice (CPLR 6513, 6514). Significantly, section 21 contains no such limitation, indicating a legislative intent not to limit the duration of a public improvement lien to the duration of a notice of pendency.

Consequently, we cannot agree that the termination of lien provision of section 17, invoking CPLR article 65, applies to a notice of pendency relating to a public improvement lien discharged upon an undertaking. The sections are distinguishable and should be so construed. This result is even more appropriate in view of the fact that sections 17 and 18 indicate that, where a lien has been discharged by a bond or undertaking, as here, a notice of pendency need only be filed if it concerns a public, not a private, improvement (see *Kaufman Wrecking Corp. v Ranes Constr. Corp.,* 3 Misc 2d 847, *supra;* cf. *Matter of Groves & Sons Co. v L. B. Smith, Inc.,* 68 Misc 2d 1097,

*supra* [public improvement lien not discharged by an undertaking or bond]). In fact, section 17 specifically provides that a notice of pendency shall not be filed in such an instance. To incorporate the termination provisions of section 17 under these circumstances would clearly be inappropriate. Thus, it was not necessary for plaintiff to seek judicial extension of its notice of pendency to maintain the validity and effectiveness of its claim against the undertaking. It is quite clear that Travelers' undertaking did not change the rights of the respective parties "other than to substitute its provisions for the fund remaining due or to become due from the municipality to the contractor" (*Berger Mfg. Co. v City of New York,* 206 NY 24, 30). The validity of the undertaking is limited by the same terms as the lien, including the statutory provisions governing the duration of a lien. Thus, since the notice of pendency continues to be valid, there is no basis upon which to either cancel the undertaking or dismiss the action.

The order should be affirmed, with costs.

KANE, J. P., MAIN, CASEY and LEVINE, JJ., concur.

Order affirmed, with costs.