OPINION OF THE COURT
Francis A. Affronti, J.
Petitioner has moved this court by notice of petition, for an order discharging a mechanic’s lien filed in the Monroe County Clerk’s office, by respondent, Requa Electrical Supply Co., Inc. (Requa) on May 11, 1992, citing as its primary basis the lienor’s failure to file proof of service of the notice of lien upon the subcontractor, as prescribed by Lien Law § 11-b. The lien pertains to electrical supplies furnished by Requa to a subcontractor, namely, B&B Electrical and Plumbing Contractor, Inc. (B&B), hired by petitioner, the general contractor, employed by Fedele Scutti, who is the owner of the real property against which the lien was filed.
Requa has conceded that indeed B&B was not served with a notice of lien, but claims that it was precluded from doing so because B&B filed a petition in bankruptcy prior to Requa’s filing of its mechanic’s lien. This position is premised upon the contention that the automatic stay provision imposed by 11 USC § 362 (a) barred Requa from serving B&B with the required lien notice. Such an argument has never before been addressed by the courts of this State, and thus, presents a matter of first impression.
Initially, it must be noted that 11 USC § 362 (a) (5), which stays the perfection of liens against the property of the debtor, is inapplicable, in that the property affected by the lien is not owned by B&B, but rather by Scutti. (See, Matter of Groves & Sons Co. v L. B. Smith, Inc., 68 Misc 2d 1097.) Further, it is clearly established that 11 USC § 362 (b) (3) provides for an exception to the stay provisions where, as in New York, the lien relates back to the date of the underlying debt’s creation. (See, In re LoPriore, 115 Bankr 462; Matter of Fiorillo & Co., 19 Bankr 21; see also, Matter of Chesterfield Developers, 285 F Supp 689 [SD NY 1968].)
Accordingly, the relied-upon Federal statute did not prevent the respondent from serving notice of the lien on the subcontractor, since "an appropriately earned mechanic’s lien is not stayed from perfection by the automatic stay imposed under 11 U.S.C. 362(a).” (See, In re LoPriore, supra, at 463.) Consequently, it is concluded that because of respondent’s failure to comply with the strict mandate of Lien Law § 11-b, the lien *453 terminated as a matter of law and must be cancelled. (See, Matter of Hui’s Realty v Transcontinental Constr. Servs., 168 AD2d 302; Murphy Constr. Corp. v Morrissey, 168 AD2d 877.)
Petitioner’s application for an award of attorney’s fees, under 22 NYCRR 130-1.12, is herewith denied on the ground that, while the position proffered by respondent is legally unsound, it is not so obviously devoid of merit to be deemed or considered frivolous within the meaning of 22 NYCRR 130-1.1 (a).
Except as to counsel fees, all other relief requested by petitioner is granted, including the imposition of motion costs of $100, plus disbursements. (See, CPLR 8202.)