■ EMC IRON WORKS, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [742 NYS2d 230] —Order, Supreme Court, New York County (Charles Tejada, J.), entered February 14, 2001, which denied the motion of the City of New York (the City) to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, the motion granted, and the complaint against the City dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

In June 2000, plaintiff, EMC Iron Works (EMC), a subcontractor of defendant Regal Construction Corp. (Regal), filed a mechanics' lien with the Queens County Clerk's Office in the amount of $340,914 and a second lien with the New York County Clerk's Office in the amount of $15,000. EMC intended these to attach to two City owned properties, one in Queens, the other in Manhattan. When defendants breached the terms of the agreements, EMC commenced this action against Regal, the City, and two other entities, to recover over $300,000 unpaid under contracts with Regal, and to foreclose on its mechanics' liens.

The City brought a motion to dismiss the complaint against it, which should have been granted. EMC's liens against City-owned properties were invalid. City-owned properties are inalienable under New York City Charter § 383 (*Kennedy & Co. v New York World's Fair 1939*, 260 App Div 386, 389, *affd* 288 NY 494; *see also*, *Matter of Niagara Venture v Sicoli & Massaro*, 77 NY2d 175, 182), and an entity desiring to secure an interest thereupon must file a "public improvement lien" not a "mechanics' lien," which EMC filed here. A public improvement lien does not attach to the City's property; instead it secures a creditor's interest "upon the moneys of the state or of such [public] corporation applicable to the construction or demolition of such improvement[s]" (Lien Law § 5).

Moreover, two distinct sets of filing requirements, one for public improvement liens and one for mechanics' liens, are set forth in the statute (Lien Law § 10 [mechanics' liens]; § 12 [public improvement liens]). Public improvement liens must be filed with the head of the department responsible for the project and the City Department of Finance; EMC did not comply with this filing requirement. Pursuant to Lien Law § 12, a subcontractor which furnishes labor or materials in improving real property owned by the state or a public corporation, a "public improvement" (Lien Law § 2 [7]), "may file a notice of lien with the head of the department or bureau having charge of such construction or demolition and with the comptroller of the state or with the financial officer of the public corporation, or other officer or person charged with the custody and disbursements of the state or corporate funds applicable to the contract under which the claim is made." Although the Lien Law is to be liberally construed and "substantial compliance with its several provisions shall be sufficient for the validity of a lien" (Lien Law § 23), the Legislature explicitly created two separate types of liens, with two separate notice requirements, to restrict the rights of creditors of City-owned properties, consistent with the unique circumstance that City-owned property is inalienable. Thus, the notices of mechanics' liens, attached to the instant complaint and filed with County Clerks, are ineffective to protect EMC's claimed interests (*see*, *Bradley & Son v Huber Co.*, 146 App Div 630, 631-632, *affd* 210 NY 627). Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.